**TYCKO & ZAVAREEI LLP**
Annick M. Persinger (CA Bar No. 272996)
1970 Broadway – Suite 1070
Oakland, CA 94612
Telephone: 510-254-6808
Facsimile: 202-973-0950
apersinger@tzlegal.com

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (Bar No. 295032)
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Telephone: 415-839-7000
yeremey@skclassactions.com

[*Additional counsel on signature block*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TEMPEST, LADIAMOND HARVEY, SARAH MCGREGOR HORNER, and BRIONNA BROUHARD, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>SAFEWAY INC.,<br><br>Defendant. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>(1) **Violation of the False Advertising Law, Cal. Bus. & Prof. Code § 17500** *et seq.*<br>(2) **Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200** *et seq.*<br>(3) **Violation of the Consumer Legal Remedies Act, Cal. Civ. Code § 1760** *et seq.*<br>(4) **Breach of Contract**<br>(5) **Quasi-Contract/Unjust Enrichment**<br>(6) **Fraud**<br>(7) **Violation of Oregon Unlawful Trade Practices Act, O.R.S. 646.605** *et seq.* |

*"Wine … offers a greater range for enjoyment and appreciation than, possibly, any other purely sensory thing."* – *Ernest Hemingway*

## CLASS ACTION COMPLAINT

Plaintiffs Michael Tempest, LaDiamond Harvey, Sarah McGregor Horner, and Brionna Brouhard, on behalf of themselves and all others similarly situated, bring this Class Action Complaint against Defendant Safeway, Inc. ("Safeway") for violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, California False Advertising Law ("FAL"), Cal. Bus. § Prof. Code § 17500, California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.* and Oregon Unlawful Trade Practices Act, O.R.S. 646.605 *et seq.* The following allegations are based on Plaintiffs' personal knowledge as to Plaintiffs' individual experiences, the investigation of counsel, and information and belief.

## INTRODUCTION

1.      *In vino veritas*? Seemingly not—at least when Safeway is pricing the wine for sale to Safeway for U Rewards ("Safeway Rewards") members in its grocery stores. This case seeks damages, restitution, and injunctive relief that will finally put a stop to Safeway's deceptive marketing of wine in grocery stores across the country, including California and Oregon.

2.      Safeway grocery stores advertise wine at sale prices to Safeway Rewards members. The trouble is that Safeway's time-limited member discounts are fake. Safeway claims that Safeway Rewards members can buy wine at discounted prices during discrete periods of time, after which the promotions will end, and the wine will be sold at the original reference prices. Reasonable consumers, like Plaintiffs, believe that Safeway is offering its members bona fide discounts off true former prices and that at the end of the sale, they will only be able to buy the wines at the higher reference price.

3.      In fact, Safeway *never* sells wine to its Safeway Rewards members at the reference prices—only at the false "sale" prices. At the end of each promotion, Safeway just renews the promotion to keep the Safeway Rewards member price at the purported "discount" price. Safeway's

reference prices have never been prevailing market retail prices for Safeway Rewards members who purchase wine from Safeway. The references prices are overstated and do not represent a bona fide price at which Safeway's wine products were previously sold to Safeway Rewards members.

4. Since Safeway's wines are never sold to Safeway Rewards members at the reference prices, the wines are not actually discounted for Safeway Rewards members, and members are not saving money by buying the falsely discounted wine.

5. California and Oregon law prohibit false reference pricing and fake sales. Accordingly, Plaintiffs seek damages, statutory damages, restitution, and an injunction barring Safeway from continuing to deceive the public about the prices of its inebriating wares.

## PARTIES

6. Michael Tempest is a natural person and resident and citizen of Greenbrae, California.

7. LaDiamond Harvey is a natural person and resident and citizen of San Francisco, California.

8. Sarah McGregor Horner is a natural person and resident and citizen of Amity, Oregon.

9. Brionna Brouhard is a natural person and resident and citizen of Portland, Oregon.

10. Safeway is a Delaware corporation with a principal address at 11555 Dublin Canyon Road, Pleasanton, CA 94588.

## JURISDICTION AND VENUE

11. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005. Pursuant to 28 U.S.C. §§ 1332(d)(2) and (6), this Court has original jurisdiction because the aggregate claims of the members of the putative Class exceed $5 million, exclusive of costs, and members of the proposed Class are citizens of a different state from Safeway.

12. This Court has personal jurisdiction over Safeway because Safeway does regular business in this district, including operating numerous Safeway locations in this district. Safeway is

also headquartered in this district and has a principal place of business in this district.

13.    Venue is proper in this District because Defendant resides in this District and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District. *See* 28 U.S.C. §§ 1391(a)(1), (b)(1)-(2).

## FACTUAL ALLEGATIONS

### A.    Safeway's Rewards Program

14.    Safeway markets a free membership rewards program for customers, Safeway Rewards. The membership program is offered nationwide from Safeway's headquarters in Pleasanton, CA.

15.    Safeway claims that its Safeway Rewards members "enjoy exclusive access to offers on items & brands you love most," among other perks.

16.    Members are eligible to receive price purported discounts on products available for purchases in-store and online as long as they use their account number at checkout. According to Safeway, members can "save with digital-only coupons and personalized deals," and gain "access to the maximum level of savings" both in-store and online.

17.    Safeway advertises its products with both a "Member Price!" and a regular price (the "reference price") at which it sells products to consumers who are not Safeway Rewards members.

### B.    Safeway sells wine to Safeway Rewards members at fabricated discounts that never end.

18.    Forty states and the District of Columbia allow wine sales in grocery stores. As of 2020, grocery store wine sales were a $1.2 billion industry, with grocery stores placing their selections in "premium" locations and offering their own private label brands.[1] Wine is an attractive product for grocery store owners because of its relatively high retail margins and its ability to spur

---

[1] Catherine Douglas Moran, *Bottoms Up: How grocers can keep alcohol sales pouring in*, Grocery Dive (Nov. 11, 2020), https://www.grocerydive.com/news/bottoms-up-how-grocers-can-keep-alcohol-sales-pouring-in/588755/.

CLASS ACTION COMPLAINT

sales of other goods.[2]

19.     Many grocery stores advertise sales and discounts on wine, just like they offer sales and discounts on paper towels, rotisserie chickens, family size bags of chips, and Halloween candy on November 1.

20.     Consumers understand and reasonably expect that a sale or discount is just that—a time-limited offer to sell a particular product for a lower price than the retailer would ordinarily offer. During a sale, consumers understand and reasonably expect that they are saving money by purchasing the discounted product at a lower price than it would usually be sold.

21.     Thus, when Safeway offers its Rewards members at stores across the country discounts on products, which are generally accompanied by the representation that the discount is a sale that will come to an end on a particular date, those members understand and expect that they are saving money by leveraging their membership to buy the products at the members-only price. They further understand and expect that if they return to buy the products on a later date, the members-only discount might no longer be available and they would be required to buy the product at the reference price.

22.     But Safeway deceives its wine-drinking Rewards members by offering false discounts on its wine prices. Safeway creates the illusion of a sale by advertising wine as ordinarily offered for sale at one price (the "reference price"), discounted down to a lower price for members (the "sale price").

23.     In its stores, Safeway prominently displays the reference price in black and white, with the sale price highlighted below in red and yellow with an end date for the supposed sale, to create the impression that the reference price is the usual price and the sale price is a special offer:

---

[2]  Mike Veseth, *Sizing Up Supermarket Wine*, The Wine Economist (May 9, 2011), https://wineeconomist.com/2011/05/09/sizing-up-supermarket-wine/.

CLASS ACTION COMPLAINT



*Wine for sale in a Safeway store*

CLASS ACTION COMPLAINT



*Wine for sale in a Safeway store*

24.     Safeway's website also advertises Rewards members discounts on wine that can be purchased in its brick-and-mortar grocery stores.

25.     For example, in June 2024 it offered Safeway Rewards members a 750 ML bottle of Apothic Red Blend Wine for $12.99, supposedly marked down from $18.55 through July 11, 2024:



Apothic Red Blend Red Wine - 750 Ml

($0.51 / Fl.oz)

☆☆☆☆☆ 0.0   No Reviews

Member Price

**$12.99 / ea** ~~$18.55~~

Wine 20% Dbl Discount $12.99 Save Up To: $5.56 (Valid for orders through 7/11/24)

✓ Save 20% on 6 Limit 0 Details
Clipped  Add 6 Total For Offers

Sign in to add

7

26.　　Similarly, Safeway advertised Meiomi Pinot Noir Red Wine as marked down for Rewards members in California from $29.99 to $19.99, through April 23, 2024.



27.　　Other wines that Safeway always advertises as discounted from higher reference prices include, but are not limited to, Clos Du Bois Chardonnay, Joel Gott 815 Cabernet Sauvignon, Chateau St. Michelle Sauvignon Blanc, Josh Cellars Merlot, Decoy Cabernet Sauvignon, Menage a Trois Red Blend, La Marca Prosecco Sparkling Wine, Sutter Home blends, Chateau Ste. Michelle Cabernet Sauvignon, Carmenet Chardonnay, Ferrari-Carano Fume, and Wente Chardonnay, among others.

28.　　In reality, Safeway *never* sells its Rewards members wine at the reference prices. Thus, for Rewards members, the "sale price" is not actually a "discount" from a higher price. Safeway Rewards members who purchase wine at Safeway for supposedly discounted prices are not actually buying wine at lower prices than ordinarily offered and they are not actually saving money.

29.　　To reasonable consumers, the end dates appearing on Safeway's discount labels mean that after the specified date, the products will no longer be on sale and will retail at their purported list prices. But immediately after each purportedly time-limited sale ends, Safeway

CLASS ACTION COMPLAINT

generates another similar or identical discount with a new expiration date.

30.     For example, the purported "sale" on Apothic Red Blend Wine advertised at $12.99 for Rewards members through July 11, 2024 did not end after July 11, 2024. Instead, as of September 2024, Safeway was still advertising Apothic Red Blend Wine for sale at $12.99. Since at least June 6, 2024, Safeway has never sold Apothic Red Blend Wine to its Rewards members for the reference price of $18.55 or any amount higher than $12.99.

31.     And the purported "sale" on Meiomi Pinot Noir Red Wine also did not end after April 23, 2024. Instead, as of September 2024, Safeway was still advertising that wine to Rewards members for $24.99, marked down from $36.99, and had not advertised it to Rewards members at the purported reference prices.

32.     During any 90-day period within the class period, Safeway did not once offer Joel Gott 815 Cabernet Sauvignon, Chateau St. Michelle Sauvignon Blanc, Josh Cellars Merlot, Decoy Cabernet Sauvignon, Menage a Trois Red Blend, La Marca Prosecco Sparkling Wine, Sutter Home wines, Chateau Ste. Michelle Cabernet Sauvignon, Carmenet Chardonnay, Ferrari-Carano Fume, or Wente Chardonnay to Safeway Rewards members at the advertised reference prices.

33.     Safeway's fake wine sales are deceptive and misleading because they lead reasonable consumers to believe they are saving money by buying wine at a lower price than it would usually be offered when that is not the case. For example, for items that are purportedly marked down 20% for Safeway Rewards members, reasonable consumers would expect that they are receiving a 20% discount as compared to the regular price, and that the items have a market value of 20% more than what they are spending. Safeway does not disclose that its references prices do not reflect, for Safeway Rewards members, a bona fide discount.

34.     Plaintiffs' and the class members' reasonable expectations were not met. Instead of receiving wine with a market value equal to the alleged reference prices, they received wine worth less. And instead of receiving a significant discount, Plaintiffs and the class members received little or no discount.

CLASS ACTION COMPLAINT

35.     The Federal Trade Commission has described fictitious discounts like Safeway's as deceptive:

> Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious—for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction—the "bargain" being offered is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the reduced price is, in reality, probably just the seller's regular price.

Where Safeway's purported reduced prices are, in reality, just its regular price, the "bargain" being offered is false and misleading.

36.     Consumers are more likely to buy a product, and buy more of it, if they believe the product is on sale and that they are getting a product with a higher regular price and/or market value at a substantial discount. Consumers that are presented with discounts are substantially more likely to make a purchase. Almost two thirds of consumers have reported that a promotion or coupon "closes the deal, if they are wavering or are undecided on making a purchase."[3] And, two thirds of consumers "have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% of [consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[4]

37.     Thus, Safeway's advertisements harm consumers by inducing them to make purchases they would not otherwise have made, based on false information. And Safeway's advertisements artificially increase consumer demand for its wine. This puts upward pressure on the prices that Safeway can charge for wine. And as a result, Safeway can charge a price premium for wine that it would not be able to charge absent the misrepresentations described above. So due to Safeway's misrepresentations, Plaintiffs and the class members paid more for the products than they

---

[3] Khalid Saleh, *How Discounts Affect Online Consumer Buying Behavior*, Invesp (June 16, 2024), https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/
[4] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (prnewswire.com).

10

1 would have otherwise.

2 **C.    Safeway deceived Plaintiffs into buying wine with misleading discounts.**

3       **1.    Plaintiff Tempest**

4       38.    Plaintiff Tempest is a Safeway Rewards member. Within the applicable statute of

5 limitations, and while he was a Safeway Rewards member, Mr. Tempest purchased wines including

6 Chateau Ste. Michelle Cabernet Sauvignon, Carmenet Chardonnay, Ferrari-Carano Fume, and Wente

7 Chardonnay from a Safeway located in Marin County, California. The wine that Mr. Tempest

8 purchased was advertised as marked down from a reference price, as a time-limited discount

9 promotion for Safeway Rewards members.

10       39.    Based on Safeway's representations, Mr. Tempest believed that he was buying wine

11 at a discounted price and had therefore saved money on the purchase. Mr. Tempest understood the

12 reference price to be the true ordinary price of the wine sold at Safeway stores, and believed that he

13 was getting a time-limited promotion through his Safeway Rewards membership. Mr. Tempest did

14 not realize that Safeway would not sell the wine in question to Safeway Rewards members at the

15 reference price.

16       40.    Mr. Tempest would not have purchased the wine if he had known that he was not

17 truly receiving savings off a former price, as he was led to believe, or he would not have purchased it

18 on the same terms or the same price.

19       41.    Mr. Tempest would buy member-priced wine from Safeway in the future, if Mr.

20 Tempest could trust that the advertised discounts were actual markdowns from true reference

21 prices.

22       **2.    Plaintiff Harvey**

23       42.    Plaintiff Harvey is a Safeway Rewards member. Within the applicable statute of

24 limitations, and while she was a Safeway Rewards member, Ms. Harvey purchased wines including

25 La Marca Prosecco, Sutter Home Sweet Red, and Sutter Home Chardonnay from a Safeway located

26 in San Francisco, California. The wine that Ms. Harvey purchased was advertised as marked down

27                                    11

28

from a reference price, as a time-limited discount promotion for Safeway Rewards members.

43.    Based on Safeway's representations, Ms. Harvey believed that she was buying wine at a discounted price and had therefore saved money on the purchase. Ms. Harvey understood the reference price to be the true ordinary price of the wine sold at Safeway stores, and believed that she was getting a time-limited promotion through her Safeway Rewards membership. Ms. Harvey did not realize that Safeway would not sell the wine in question to Safeway Rewards members at the reference price.

44.    Ms. Harvey would not have purchased the wine if she had known that she was not truly receiving savings off a former price, as she was led to believe, or she would not have purchased it on the same terms or the same price.

45.    Ms. Harvey would buy member-priced wine from Safeway in the future, if she could trust that the advertised discounts were actual markdowns from true reference prices.

### 3.  Plaintiff Horner

46.    Plaintiff Horner is a Safeway Rewards member. Within the applicable statute of limitations, Ms. Horner purchased wines including Chateau Ste. Michelle Cabernet Sauvignon from a Safeway located in Oregon. The wine that Ms. Horner purchased was advertised as marked down from a reference price, as a time-limited discount promotion for Safeway Rewards members.

47.    Based on Safeway's representations, Ms. Horner believed that she was buying wine at a discounted price and had therefore saved money on the purchase. Ms. Horner understood the reference price to be the true ordinary price of the wine sold at Safeway stores, and believed that she was getting a time-limited promotion through her Safeway Rewards membership. Ms. Horner did not realize that Safeway would not sell the wine in question to Safeway Rewards members at the reference price.

48.    Ms. Horner would not have purchased the wine if she had known that she was not truly receiving savings off a former price, as she was led to believe, or she would not have purchased it on the same terms or the same price

CLASS ACTION COMPLAINT

49. Ms. Horner would buy member-priced wine from Safeway in the future, if she could trust that the advertised discounts were actual markdowns from true reference prices.

### 4. Plaintiff Brouhard

50. Plaintiff Brouhard is a Safeway Rewards member. Within the applicable statute of limitations, and while she was a Safeway Rewards member, Ms. Brouhard purchased wines including Apothic Red Blend, Joel Gott 815 Cabernet Sauvignon, Menage a Trois Red, and Chateau Ste. Michelle Cabernet Sauvignon from a Safeway located in Oregon. The wine that Ms. Brouhard purchased was advertised as marked down from a reference price, as a time-limited discount promotion for Safeway Rewards members.

51. Based on Safeway's representations, Ms. Brouhard believed that she was buying wine at a discounted price and had therefore saved money on the purchase. Ms. Brouhard understood the reference price to be the true ordinary price of the wine sold at Safeway stores, and believed that she was getting a time-limited promotion through her Safeway Rewards membership. Ms. Brouhard did not realize that Safeway would not sell the wine in question to Safeway Rewards members at the reference price.

52. Ms. Brouhard would not have purchased the wine if she had known that she was not truly receiving savings off a former price, as she was led to believe, or she would not have purchased it on the same terms or the same price

53. Ms. Brouhard would buy member-priced wine from Safeway in the future, if she could trust that the advertised discounts were actual markdowns from true reference prices.

### D. No Adequate Remedy At Law

54. Plaintiffs and class members have suffered an injury in fact resulting in the loss of money and/or property as a proximate result of the violations of law and wrongful conduct of Defendant alleged herein, and they lack an adequate remedy at law to address the unfair conduct at issue here. Legal remedies available to Plaintiffs and class members are inadequate because they are not equally prompt and certain and in other ways efficient as equitable relief. Damages are not

13

1    equally certain as restitution because the standard that governs restitution is different than the

2    standard that governs damages.  Hence, the Court may award restitution even if it determines that

3    Plaintiffs fail to sufficiently adduce evidence to support an award of damages.  Damages and

4    restitution are not the same amount.  Unlike damages, restitution is not limited to the amount of

5    money defendant wrongfully acquired plus the legal rate of interest.  Equitable relief, including

6    restitution, entitles a plaintiff to recover all profits from the wrongdoing, even where the original

7    funds taken have grown far greater than the legal rate of interest would recognize.  Legal claims for

8    damages are not equally certain as restitution because claims under the statutes herein entail few

9    elements.  In short, significant differences in proof and certainty establish that any potential legal

10   claim cannot serve as an adequate remedy at law.

11       55.    Equitable relief is appropriate because Plaintiffs may lack an adequate remedy at law

12   if, for instance, damages resulting from their purchase of the product is determined to be an amount

13   less than the premium price of the product.  Without compensation for the full premium price of

14   the product, Plaintiffs would be left without the parity in purchasing power to which they are

15   entitled.

16                              **CLASS ACTION ALLEGATIONS**

17       56.    Plaintiffs bring this action on behalf of themselves and proposed Classes, defined as

18   follows:

19

20   **Class:** All persons residing in the United States who (1) are members of Safeway's rewards program and (2) while holding membership in Safeway's rewards program, purchased wine, other than for purposes of resale, from a Safeway store that was advertised at a members-only price.

22   **California Subclass:** All persons residing in California who (1) are members of Safeway's rewards program and (2) while holding membership in Safeway's rewards program, purchased wine, other than for purposes of resale, from a Safeway store within California that was advertised at a members-only price.

25   **Oregon Subclass:** All persons residing in Oregon who (1) are members of Safeway's rewards program and (2) while holding membership in Safeway's rewards program, purchased wine, other than for purposes of resale, from a Safeway store within Oregon

27                                          14

28

that was advertised at a members-only price.

57.     The time period for the Classes is the applicable statute of limitations preceding the filing of this action through the date a class is certified.

58.     Excluded from the Classes are Safeway, its parents, subsidiaries, affiliates, officers, and directors; any entity in which Safeway has a controlling interest; all potential Class members who make a timely election to be excluded; governmental entities; and all judges assigned to hear any aspect of this litigation as well as their immediate family members.

59.     **Numerosity.** The Classes are so large that joinder of all of its members would be impracticable. There are likely thousands of Class members.

60.     **Commonality.** Safeway has acted or refused to act on grounds that apply equally to all members of the Classes. Absent certification, the relief sought by this Complaint creates the possibility of inconsistent judgments or obligations upon Safeway. Numerous common issues of law and fact exist, including:

      a.     Whether Safeway's advertising practices were and are likely to mislead consumers;

      b.     Whether Safeway's members-only wine prices are false and misleading;

      c.     Whether Safeway continues to make false or misleading statements of fact concerning the time limits on price reductions for Rewards members;

      d.     Whether reliance on Safeway's misrepresentations and omissions can be presumed;

      e.     Whether Safeway's acts and practices described herein are unfair;

      f.     Whether Safeway's advertising practices are "business practices" under the UCL;

      g.     Whether Safeway's practice of advertising falsely discounted wine is unlawful;

      h.     Whether Safeway's advertisement of fabricated discounts off fictitious reference prices is a misrepresentation of a material fact which has a

15

tendency to mislead;

i.      Whether Safeway's advertised discounts use innuendo or ambiguity as to a material fact, with a tendency to mislead;

j.      Whether California law applies to Safeway's practices nationwide;

k.      Whether Plaintiffs and the Class Members were harmed by Safeway's misleading advertising practices;

l.      Whether Plaintiffs and the Class Members are entitled to full or partial refunds;

m.      Whether Plaintiffs and the Class Members are entitled to statutory damages;

n.      Whether Plaintiffs and the Class Members are entitled to punitive damages; and

o.      Whether Safeway should be enjoined from continuing to advertise fictitious sales to its Rewards members.

61.     **Predominance.** The common issues predominate over individualized inquiries in this action because Safeway's liability can be established as to all members of the Classes.

62.     **Typicality.** Typicality exists because Plaintiffs' claims are identical to the claims of the Class members. Their claims all arise from Safeway's practice of advertising false discounts off fictitious reference prices and are based on the same legal theories.

63.     **Adequacy.** Plaintiffs are adequate class representative as Plaintiffs have no interest adverse to the Classes and Safeway has no defenses unique to Plaintiffs. Plaintiffs have hired competent, experienced class action attorneys to represent the Classes and prosecute the Classes' claims.

64.     **Superiority.** There are substantial benefits to proceeding as a class action that render proceeding as a class action superior to any alternatives, including that it will provide a realistic means for members of the Classes to recover damages; the damages suffered by members of the Classes may be relatively small; it would be substantially less burdensome on the courts and the

16

parties than numerous individual proceedings; many members of the Classes may be unaware that they have legal recourse for the conduct alleged herein; and because issues common to members of the Classes can be effectively managed in a single proceeding. Plaintiffs know of no difficulty that could be encountered in the management of this litigation that would preclude its maintenance as a class action.

**COUNT I**

**Violation of the California False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.***
**(On behalf of Plaintiffs and the proposed Class and California Subclass).**

65.    Plaintiffs restate paragraphs 1 through 64 as though set forth in full herein.

66.    Plaintiffs bring this claim on their own behalf and on behalf of members of the Class and California Subclass.

67.    Safeway's acts and practices alleged herein violate the FAL, Cal. Bus. & Prof. Code § 17500 *et seq.*

68.    The FAL makes it illegal to advertise prices that are "untrue or misleading."

69.    Safeway's use of false reference prices that are not the ordinary, bona fide price of its wine, and advertising misleading fabricated discounts off the false reference prices for its Rewards members, violate the FAL.

70.    Safeway advertised to Safeway Rewards members that it sold wine at a particular reference price, as if the reference price were the prevailing market price within the three months preceding publication of the advertisement. However, the reference prices that Safeway advertised to Safeway Rewards members were not the prevailing price offered to Safeway Rewards members within the prior three months, nor did Safeway present the dates during which the reference price was offered for Safeway Rewards members.

71.    The use of the false reference prices, and the amount of the purported discount off the false reference price (which is not a real discount because the reference price is false), is an untrue or misleading advertising device. The actual reference price of the wine is material because a reasonable person would attach importance to its existence or nonexistence when determining his or

17

1   her choice of action in the transaction, and because Safeway regards the matter as important in

2   determining the buyer's choice of action.

3       72.    Safeway failed to disclose that it does not sell wine to Safeway Rewards members at

4   the reference prices, and that omission was material as well.

5       73.    By showing a discount sale price with a specified end date, Safeway used innuendo or

6   ambiguity as to a material fact (i.e. the actual price of the wine for Safeway Rewards members, and

7   the length of time it would be offered at a discount) with a tendency to mislead.

8       74.    Finally, Safeway's use of false reference prices is a false or misleading representation

9   of fact concerning the reasons for, existence of, or amounts of price reductions, as well as the price

10  of the wine in comparison with the price of competitors' or Safeway's own prices at a past or future

11  time.

12      75.    Plaintiffs and the Class and California Subclass suffered actual injuries as a result of

13  Safeway's unfair and deceptive practices. Safeway acted knowingly, recklessly, and in conscious

14  disregard of the true facts in perpetuating its deceptive advertising scheme and causing injuries to

15  Plaintiffs and the Class and California Subclass.

16      76.    Plaintiffs seek a permanent public injunction preventing Safeway from continuing to

17  make untrue and misleading statements in its advertising.

18                          **COUNT II**
    **Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200**
19  **(On behalf of Plaintiffs and the proposed Class and California Subclass).**

20      77.    Plaintiffs restate paragraphs 1 through 64 as though set forth in full herein.

21      78.    Plaintiffs bring this claim on their own behalf and on behalf of members of the Class

22  and California Subclass.

23      79.    Safeway's practices as alleged herein are unfair competition in violation of Bus. &

24  Prof. Code § 17200. Safeway's acts alleged herein are unfair and likely to deceive the general public,

25  and unlawful in that they violate Bus. & Prof. Code § 17500 (false and misleading advertising) and

26  Cal. Civ. Code §§ 1770(a)(13)-(14) (CLRA), along with other state and federal statutes and

27                              18

28                  CLASS ACTION COMPLAINT

1    regulations.

2         80.    Safeway's advertising practices described herein are a "business practice" within the

3    meaning of the UCL.

4         81.    As a result of Safeway's unfair, fraudulent, and unlawful business practices, Plaintiffs

5    and the Class and California Subclass have been injured.

6                                    **Fraudulent Prong**

7         82.    Safeway's use of false reference prices for Rewards members that are not the

8    ordinary, bona fide price of its wine, and advertising misleading fabricated discounts for Rewards

9    members off the false reference prices, was fraudulent.

10        83.    The use of the false reference prices, and the amount of the purported discount off

11   the false reference price for a false time period (which is not a real discount because the reference

12   price is false), is an untrue or misleading advertising device. The actual reference price of the wine is

13   material because a reasonable person would attach importance to its existence or nonexistence when

14   determining his or her choice of action in the transaction, and because Safeway regards the matter as

15   important in determining the buyer's choice of action.

16        84.    Safeway failed to disclose that it does not sell wine to Safeway Rewards members at

17   the reference prices, and that omission was material as well.

18        85.    By showing a discount sale price with a specified end date, Safeway used innuendo or

19   ambiguity as to a material fact (i.e. the actual price of the wine for Safeway Rewards members, and

20   the length of time it would be offered at a discount) with a tendency to mislead.

21        86.    Finally, Safeway's use of false reference prices is a false or misleading representation

22   of fact concerning the reasons for, existence of, or amounts of price reductions, as well as the price

23   of the wine in comparison with the price of competitors' or Safeway's own prices at a past or future

24   time.

25                                       **Unfair Prong**

26        87.    Safeway's use of false reference prices for Rewards members that are not the

27                                            19

28                              CLASS ACTION COMPLAINT

1  ordinary, bona fide price of its wine, and advertising misleading fabricated discounts for Rewards

2  members off the false reference prices, was unfair. It offends public policy as articulated under

3  California law and the Federal Trade Commission, and demonstrates immoral, unethical,

4  unscrupulous activities that caused substantial injuries, including to Plaintiffs and other members of

5  the Class and California Subclass.

6                                  **Unlawful Prong**

7        88.     Safeway's use of false reference prices for Rewards members that are not the

8  ordinary, bona fide price of its wine, and advertising misleading fabricated discounts for Rewards

9  members off the false reference prices, was unlawful in that it violated the FAL and CLRA as alleged

10  herein, as well as FTC regulations.  *See* 16 C.F.R. § 233.1.  For instance, FTC regulations prohibit

11  false or misleading "former price comparisons," making up "an artificial, inflated price … for the

12  purpose of enabling the subsequent offer of a large reduction" off that price. 16 C.F.R. § 233.1.

13  They also prohibit false or misleading "retail price comparisons" that falsely suggest that the seller is

14  "offer[ing] goods at prices lower than those being charged by others for the same merchandise"

15  when this is not the case. 16 C.F.R. § 233.1.

16                                    **Remedies**

17       89.     Plaintiffs and the Class and California Subclass Members suffered actual injuries,

18  including monetary harm, as a result of Safeway's unfair and deceptive practices.

19       90.     Plaintiffs seek a permanent public injunction preventing Safeway from continuing to

20  make untrue and misleading statements in its advertising.

21                                    **COUNT III**
   **Violation of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1760 *et seq.***
22       **(On behalf of Plaintiffs and the proposed Class and California Subclass).**

23       91.     Plaintiffs restate paragraphs 1 through 64 as though set forth in full herein.

24       92.     Plaintiffs bring this claim on their own behalf and on behalf of members of the Class

25  and California Subclass.

26       93.     Plaintiffs and the Class and California Subclass members are "consumers" within the

27                                        20

28  ―――――――――――――――――――――――――――――――――――――――
                              CLASS ACTION COMPLAINT

meaning of the CLRA. Cal. Civ. Code § 1761(d).

94.   Safeway is a "person" within the meaning of the CLRA, and the wine it sells are "goods" as defined in the CLRA. *Id.* § 1761(c), (a).

95.   Purchases of wine from Safeway by Plaintiffs and the Class and California Subclass are "transactions" under the CLRA. *Id.* § 1761(e).

96.   The CLRA makes it illegal to, among other things:

a.   Make false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions, *id.* § 1770(a)(13); and

b.   Represent that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or which are prohibited by law, *id.* § 1770(a)(14).

97.   Safeway's use of false reference prices for Rewards members that are not the ordinary, bona fide price of its wine, and advertising misleading fabricated discounts for Rewards members off the false reference prices, violated the CLRA.

98.   Safeway's use of false reference prices for Rewards members is a false or misleading representation of fact concerning the reasons for, existence of, or amounts of price reductions, as well as the price of the wine in comparison with the price of competitors' or Safeway's own prices at a past or future time.

99.   The use of the false reference prices, and the amount of the purported discount off the false reference price for a false time (which is not a real discount because the reference price is false) are untrue or misleading statements. The actual reference price of the wine is material because a reasonable person would attach importance to its existence or nonexistence when determining his or her choice of action in the transaction, and because Safeway regards the matter as important in determining the buyer's choice of action.

100.   Safeway failed to disclose that it does not sell wine to Safeway Rewards members at the reference prices, and that omission was material as well.

101.   By showing a discount sale price with a specified end date, Safeway used innuendo or

ambiguity as to a material fact (i.e. the actual price of the wine for Safeway Rewards members, and the length of time it would be offered at a discount) with a tendency to mislead.

102.    Safeway represented that Safeway Rewards members were enjoying rights and benefits, including a time-limited promotional price, that they did not actually enjoy, because the purported sales were not time-limited.

103.    On September 17, 2024, Plaintiffs sent the demand letter required under Cal. Civ. Code § 1782 to Safeway by certified mail, return receipt requested.

104.    Plaintiffs and the Class and California Subclass Members suffered actual injuries as a result of Safeway's unfair and deceptive practices. They are entitled to injunctive relief and will amend this Complaint to seek monetary relief in accordance with Cal. Civ. Code § 1782.

**COUNT IV**
**Breach of Contract**
**(On behalf of Plaintiffs and the proposed Class and California Subclass).**

105.    Plaintiffs restate paragraphs 1 through 64 as though set forth in full herein.

106.    Plaintiffs bring this claim on their own behalf and on behalf of members of the Class and California Subclass.

107.    Plaintiffs and the Class and California Subclass Members entered into contracts when they purchased wine from Safeway.

108.    The contracts provided that Plaintiffs and the Class and California Subclass Members would pay Safeway for the wine purchased.

109.    The contracts further required that Safeway provide Plaintiffs and the Class and California Subclass Members with wine products that have a former price, and a market value, equal to the advertised regular prices. They also required that Safeway provide Plaintiffs and the Class and California Subclass Members with the advertised specific discounts for Safeway Rewards members. These were specific and material terms of the contracts.

110.    Plaintiffs and the Class and California Subclass Members paid Safeway for the wine that they purchased and satisfied all other conditions of their contracts.

111.    Safeway breached the contracts with Plaintiffs and the Class and California Subclass Members by failing to provide wine that had a regular price and market value for Safeway Rewards members equal to the advertised reference prices, and by failing to provide promised discounts.

112.    Plaintiffs provided Safeway with notice of this breach of contract by letter sent certified mail, return receipt requested, on September 17, 2024.

113.    As a direct and proximate result of Safeway's breaches, Plaintiffs and the Class and California Subclass Members were deprived of the benefit of their bargained for exchange and have suffered damages in an amount to be proven at trial.

**COUNT V**
**Quasi-Contract/Unjust Enrichment**
**(On behalf of Plaintiffs and the proposed Class and California Subclass).**

114.    Plaintiffs restate paragraphs 1 through 64 as though set forth in full herein.

115.    Plaintiffs bring this claim on their own behalf and on behalf of members of the Class and California Subclass, in the alternative to their Breach of Contract claim.

116.    As alleged in detail herein, Safeway's false and misleading advertising caused Plaintiff and the Class and California Subclass Members to purchase wine at falsely discounted prices. Plaintiffs conferred a benefit upon Safeway when they purchased the falsely discounted wine, and Safeway received that direct and unjust benefit.

117.    It would be unjust and inequitable to permit Safeway to retain these ill-gotten benefits.

118.    (In the alternative only), due to Defendant's misrepresentations, its contracts with Plaintiffs and the Class and California Subclass Members are void or voidable.

119.    Plaintiffs and the Class and California Subclass Members seek restitution and in the alternative, recission.

**COUNT VI**
**Fraud**
**(On behalf of Plaintiffs and the proposed Class and California Subclass).**

120.    Plaintiffs restate paragraphs 1 through 64 as though set forth in full herein.

121.    Plaintiffs bring this claim on their own behalf and on behalf of members of the Class and California Subclass.

122.    Safeway's use of false reference prices for Rewards members that are not the ordinary, bona fide price of its wine, and advertising misleading fabricated discounts for Rewards members off the false reference prices, was fraudulent.

123.    The use of the false reference prices, and the amount of the purported discount off the false reference price for a false time period (which is not a real discount because the reference price is false), is an untrue or misleading advertising device. The actual reference price of the wine is material because a reasonable person would attach importance to its existence or nonexistence when determining his or her choice of action in the transaction, and because Safeway regards the matter as important in determining the buyer's choice of action.

124.    Safeway failed to disclose that it does not sell wine to Safeway Rewards members at the reference prices, and that omission was material as well.

125.    By showing a discount sale price with a specified end date, Safeway used innuendo or ambiguity as to a material fact (i.e. the actual price of the wine for Safeway Rewards members, and the length of time it would be offered at a discount) with a tendency to mislead.

126.    Finally, Safeway's use of false reference prices is a false or misleading representation of fact concerning the reasons for, existence of, or amounts of price reductions, as well as the price of the wine in comparison with the price of competitors' or Safeway's own prices at a past or future time.

127.    By means of Safeway's fraudulent misrepresentations and omissions, upon which Plaintiffs and the Class and California Subclass Members reasonably and justifiably relied, Safeway intended to and did induce Plaintiffs and the Class and California Subclass Members to purchase falsely discounted wine.

128.    Safeway's fraudulent actions caused damage to Plaintiffs and the Class and California Subclass Members, who are entitled to damages and other legal and equitable relief as a result.

CLASS ACTION COMPLAINT

**COUNT VII**
**Violation of Oregon Unlawful Trade Practices Act, O.R.S. 646.605 *et seq.***
**(On behalf of Plaintiffs Horner and Brouhard and the proposed Oregon Subclass).**

129. Plaintiffs Horner and Brouhard restate paragraphs 1 through 64 as if set forth fully herein.

130. Plaintiffs Horner and Brouhard bring this claim on their own behalf and on behalf of members of the Oregon Subclass.

131. The Oregon Unlawful Trade Practices Act ("OUTPA") prohibits persons from engaging in trade practices declared unlawful under ORS 646.608.

132. Persons that suffer an ascertainable loss of money or property, real or personal, as a result of another person's willful use or employment of a method, act, or practice declared unlawful under ORS 646.608 may bring an action to recover actual damages or statutory damages of $200, whichever is greater. ORS 646.638(1).

133. Plaintiffs Horner and Brouhard, and the Oregon Subclass Members, are "persons" under ORS 646.605(4).

134. Safeway is a "person" under ORS 646.605(4).

135. Safeway engages in "trade" or "commerce," including when it deploys wine advertising practices, within the meaning of ORS 646.605(8) because it advertises, offers, or distributes goods, including in a manner that directly or indirectly affects the people of Oregon.

136. The OUTPA makes it illegal to, among other things:

a. Make false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions, ORS 646.608(1)(j);

b. Make false or misleading representations of fact concerning the offering price of, or the person's cost for real estate, goods or services, ORS 646.608(1)(s); or

c. Engages in other unfair or deceptive conduct in trade or commerce, as set forth in an Administrative Rule established by the Attorney General of Oregon, ORS 646.608(1)(u), (4).

25

137.    Oregon Administrative Rule 137-020-0010 makes it unlawful trade practice to represent that goods are available for sale or lease at an offering price less than a reference price unless such reference price:

a.    is a price at which the person, in the regular course of its business, made good faith sales of the same or similar goods, or, if no sales were made, offered in good faith to make sales of the same or similar goods either (i) within the preceding 30 days or (ii) at any other time in the past which is identified;

b.    is the price at which the person will offer the same or similar goods for sale in the future, provided that (i) the reference price is stated or regularly ascertainable, (ii) if the reference price will not be put into effect for more than 90 days after the representation, the effective date of the reference price is stated; and (iii) such reference price is actually put into effect;

c.    is a price at which an identified or identifiable competitor is or has in the recent regular course of business offered to make good faith sales of the same or regular goods; or

d.    is required to be affixed to the goods.

138.    Safeway's use of false reference prices for Rewards members that are not the ordinary, bona fide price of its wine, and advertising misleading fabricated discounts for Rewards members off the false reference prices, violated the OUTPA.

139.    Safeway made false or misleading statements of fact concerning the existence of a price reduction, and concerning the offering price of goods.

140.    Safeway also engaged in other unfair or deceptive conduct by representing that goods are available for sale or lease at an offering price less than a reference price, without any of the applicable exceptions.

141.    The use of the false reference prices, and the amount of the purported discount off the false reference price for a false time (which is not a real discount because the reference price is

CLASS ACTION COMPLAINT

false) are false or misleading statements. The actual reference price of the wine is material because a reasonable person would attach importance to its existence or nonexistence when determining his or her choice of action in the transaction, and because Safeway regards the matter as important in determining the buyer's choice of action.

142.    Safeway's violations of OUTPA were willful, reckless, or knowing.

143.    Plaintiffs Horner and Brouhard and the Oregon Subclass Members suffered ascertainable losses as a result of Safeway's unfair and deceptive practices, in that they purchased wine that they would not have purchased had they known the truth. They are entitled to recover $200 per class member plus prejudgment interest, attorneys fees and costs, and punitive damages.

144.    Plaintiff Horner and Brouhard and the Oregon Subclass Members are also entitled to punitive damages, as Safeway's actions were accompanied by fraud, ill will, recklessness, wantonness, oppressiveness, and willful disregard for their rights.

145.    Plaintiffs Horner and Brouhard also seek a permanent injunction preventing Safeway from continuing to deploy false reference prices and fictitious discounts.

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request this Court enter judgment in favor of Plaintiffs and the Classes as follows:

A.    An order certifying the Classes, appointing Plaintiffs as Class Representatives, and appointing Plaintiffs' counsel as Class Counsel;

B.    Awarding all damages supported by law including actual, statutory, treble, and punitive damages;

C.    Imposing a permanent injunction banning Safeway from continuing to use false reference price in its marketing of wine;

D.    Awarding Plaintiffs their reasonable attorneys' fees and costs;

CLASS ACTION COMPLAINT

1    E.    Granting any additional relief as may be necessary to restore to the Class the money

2    that was acquired by Safeway's unlawful trade practices; and

3    F.    Awarding all such other and further relief as the Court finds necessary and proper.

4

5    Dated: September 18, 2024                    Respectfully submitted,

6                                                 /s/ Annick M. Persinger

7                                                 **TYCKO & ZAVAREEI LLP**
                                                  Annick M. Persinger (Bar No. 272996)
8                                                 1970 Broadway, Suite 1070
                                                  Oakland, California 94612
9                                                 Telephone: (510) 254-6808
                                                  Facsimile: (202) 973-0950
10                                                apersinger@tzlegal.com

11                                                **TYCKO & ZAVAREEI LLP**
                                                  Katherine M. Aizpuru (*pro hac vice* to be filed)
12                                                Allison W. Parr (*pro hac vice* to be filed)
                                                  2000 Pennsylvania Avenue, NW, Suite 1010
13                                                Washington, District of Columbia 20006
                                                  Telephone: (202) 973-0900
14                                                Facsimile: (202) 973-0950
                                                  kaizpuru@tzlegal.com
15                                                aparr@tzlegal.com

16

17                                                **SMITH KRIVOSHEY, PC**
                                                  Yeremey O. Krivoshey (Bar No. 295032)
18                                                166 Geary Street, Ste. 1500-1507
                                                  San Francisco, CA 94108
19                                                Telephone: 415-839-7000
                                                  yeremey@skclassactions.com
20

21                                                **SMITH KRIVOSHEY, PC**
                                                  Joel D. Smith (Bar No. 244902)
22                                                867 Boylston Street, 5th Floor, Ste. 1520
                                                  Boston, MA 02116
23                                                Telephone: 617-377-7404
                                                  joel@skclassactions.com
24

25

26

27                                                28

28
---
CLASS ACTION COMPLAINT