Stephanie Sheridan (CA 135910)
Meegan B. Brooks (CA 298570)
Nicolette Shamsian (CA 341466)
Benesch, Friedlander, Coplan & Aronoff LLP
100 Pine Street, Suite 3100
San Francisco, California 94111
Telephone:   628.600.2250
Facsimile:    628.221.5828
ssheridan@beneschlaw.com
mbrooks@beneschlaw.com
nshamsian@beneschlaw.com

Attorneys for Defendant Safeway, Inc.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TEMPEST, LADIAMOND HARVEY, SARAH MCGREGOR HORNER, and BRIONNA BROUHARD, on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>   v.<br><br>SAFEWAY, INC.,<br><br>               Defendants. | Case No. 4:24-cv-06553-JSC<br><br>**DEFENDANT SAFEWAY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:        January 23, 2025<br>Time:       10:00 a.m. |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on January 23, 2025, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Jaqueline Scott Corley of the United States District Court for the Northern District of California, in Courtroom 8 of the United States Courthouse, 450 Golden Gate Ave., San Francisco, CA 94102, Defendant Safeway, Inc. ("Safeway") will and hereby does move this Court for an order dismissing the Complaint under Rules 12(b)(6), 8, and 9(b) of the Federal Rules of Civil Procedure.

This Motion is brought on the following grounds.

First, Plaintiffs' statutory (UCL, FAL, CLRA, UTPA), common-law-fraud, and unjust-enrichment claims fail because they sound in fraud yet do not meet Rule 9(b)'s heightened pleading standard, and because the Complaint offers no factual allegations—required under both Rule 9(b) and the general pleading standard—suggesting that any reasonable consumer could be deceived.

Second, Plaintiffs Horner and Brouhard's UTPA claim fails because Plaintiffs do not plausibly allege that Safeway engaged in any "method, act or practice declared unlawful under ORS 646.608." Or. Rev. Stat. Ann. § 646.638.

Third, Plaintiffs have not stated a claim for unjust enrichment because a claim for unjust enrichment cannot stand alone as an independent claim for relief.

Fourth, Plaintiffs' breach-of-contract claims fail because Plaintiffs did not satisfy their burden under Cal. Com. Code § 2607(3)(A) to show that they gave Safeway a reasonable opportunity to cure any alleged breach before filing suit. Moreover, Plaintiffs' allegations misconstrue the alleged contract.

Finally, Plaintiffs' claims for equitable relief are precluded because Plaintiffs do not adequately allege that they lack an adequate remedy at law.

//
//
//
//
//
//

1        This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of

2   Points and Authorities, any other matters of which the Court may take judicial notice, other documents on

3   file in this action, and any oral argument of counsel.

4

5   Dated:  November 12, 2024                                Respectfully submitted,

6
                                                            *s/ Meegan B. Brooks*
7                                                           STEPHANIE SHERIDAN (CA 135910)
                                                            MEEGAN B. BROOKS (CA 298570)
8                                                           NICOLETTE SHAMSIAN (CA 341466)
                                                            Benesch, Friedlander, Coplan & Aronoff LLP
9
10                                                          Attorneys for Defendant Safeway, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**Table of Contents**

3  STATEMENT OF ISSUES TO BE DECIDED .................................................................. 1

4  I.       INTRODUCTION .................................................................................................... 2

5  II.      SUMMARY OF RELEVANT FACTS ..................................................................... 2

6           A.       Defendant Safeway, Inc. ............................................................................... 2

7           B.       Plaintiff's Allegations .................................................................................... 3

8  III.     APPLICABLE STANDARD ..................................................................................... 5

9  IV.      ARGUMENT ............................................................................................................ 5

10          A.       Plaintiffs' Statutory Claims, Fraud Claim, and Unjust Enrichment Claim Fail
                      Because the Complaint Pleads No Facts Suggesting Fraudulent Conduct ........ 5
11
                     1.       Plaintiffs Fail to Identify Any Allegedly Misleading Statement that
12                             They Saw .......................................................................................... 6

13                   2.       Reasonable Consumers Would Not Interpret "Member Prices" as
                              Temporary Sales from "Ordinary" Prices ........................................ 7
14
            B.       Oregon's Pricing Regulations Do Not Help Plaintiffs Horner and Brouhard
15                   State a UTPA Claim ...................................................................................... 9

16          C.       Plaintiffs Have Not Stated a Claim for Unjust Enrichment ............................ 9

17          D.       The Court Should Also Dismiss Plaintiffs' Contract Claim .......................... 10

18                   1.       Plaintiffs Failed to Provide the Notice that California Law Requires ... 11

19                   2.       Plaintiffs' Breach-of-Contract Claim Misconstrues the Alleged
                              Contract .......................................................................................... 12
20
            E.       Plaintiffs' Claims for Equitable Relief Are Precluded Because Plaintiffs Never
21                   Allege That They Lack an Adequate Remedy at Law .................................... 12

22  V.       CONCLUSION ....................................................................................................... 14

23

24

25

26

27

28

**DEFENDANT SAFEWAY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**
**Case No. 4:24-cv-06553-JSC**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alan Neuman Prods., Inc. v. Albright*,
   862 F.2d 1388 (9th Cir. 1988) ................................................................................6

*Alvarez v. Chevron Corp.*,
   656 F.3d 925 (9th Cir. 2011) ...........................................................................11, 12

*In re Apple Processor Litig.*,
   No. 22-16164, 2023 WL 5950622 (9th Cir. Sept. 13, 2023) ................................13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................................5

*Azimpour v. Sears, Roebuck & Co.*,
   2016 WL 7626188 (S.D. Cal, Oct. 17, 2016) ....................................................6, 7

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................................................5, 6

*Bly-Magee v. California*,
   236 F.3d 1014 (9th Cir. 2001) ...............................................................................5

*Brown v. Madison Reed, Inc.*,
   2021 WL 3861457 (N.D. Cal. Aug. 30, 2021) ......................................................7

*Car Carriers, Inc. v. Ford Motor Co.*,
   745 F.2d 1101 (7th Cir. 1984) .............................................................................12

*Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*,
   169 Cal. App. 4th 116, 87 Cal. Rptr. 3d 5 (2008)................................................11

*Clark v. Am. Honda Motor Co.*,
   528 F. Supp. 3d 1108 (C.D. Cal. 2021) ...............................................................13

*Clark v. Eddie Bauer LLC*,
   2024 WL 177755 (9th Cir. Jan. 17, 2024) ...........................................................13

*Donohue v. Apple, Inc.*,
   871 F. Supp. 2d 913 (N.D. Cal. 2012) .................................................................11

*Easton v. Wells Fargo & Co.*,
   2022 WL 17886002 (C.D. Cal. Dec. 6, 2022) .....................................................13

*Ebner v. Fresh, Inc.*,
   818 F.3d 799 (9th Cir. 2016) ...............................................................................10

*Ebner v. Fresh, Inc.*,
    838 F.3d 958 (9th Cir. 2016) ...................................................................................8

*Guzman v. Polaris Indus. Inc.*,
    49 F.4th 1308 (9th Cir. 2022) .................................................................................12

*Haskins v. Symantec Corp.*,
    2016 WL 3391237 (9th Cir. June 20, 2016) ...........................................................6

*Hermanson v. Lenovo Grp. Ltd.*,
    2024 WL 819566 (N.D. Cal. Feb. 27, 2024) ..........................................................8

*Hovsepian v. Apple, Inc.*,
    2009 WL 5069144 (N.D. Cal. Dec. 17, 2009) .......................................................10

*In re Intel Corp. CPU Mktg., Sales Pracs. & Prod. Liab. Litig.*,
    2021 WL 1198299 (D. Or. Mar. 29, 2021), *aff'd*, 2023 WL 7211394 (9th Cir. Nov. 2,
    2023) ......................................................................................................................13

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ..............................................................................5, 6

*Klein v. Chevron U.S.A., Inc.*,
    202 Cal. App. 4th 1342 (2012), *as modified on denial of reh'g* (Feb. 24, 2012) ................10

*Levay v. AARP, Inc.*,
    2019 WL 2108124 (C.D. Cal. May 14, 2019) .......................................................7

*Lisner v. Sparc Grp. LLC*,
    2021 WL 6284158 (C.D. Cal. Dec. 29, 2021) .......................................................9

*In re MacBook Keyboard Litig.*,
    2020 WL 6047253 (N.D. Cal. Oct. 13, 2020) .......................................................13

*McBride v. Boughton*,
    123 Cal. App. 4th 379 (2004) .................................................................................9

*McDonald v. Wells Fargo Bank, N.A.*,
    2013 WL 6512881 (N.D. Cal. Dec. 12, 2013) .......................................................7

*Moss v. Infinity Ins. Co.*,
    197 F. Supp. 3d 1191 (N.D. Cal. 2016) ...............................................................13

*Mullins v. Premier Nutrition Corp.*,
    2018 WL 510139 (N.D. Cal. Jan. 23, 2018), *aff'd sub nom. Sonner*, 962 F.3d 1072 ................14

*Nunez v. Best Buy Co.*,
    315 F.R.D. 245 (D. Minn. June 7, 2016) ................................................................7

*Oestreicher v. Alienware Corp.*,
   544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489 (9th Cir. 2009) ..............................10

*Philips v. Ford Motor Co.*,
   726 F. App'x 609 (9th Cir. 2018) ..........................................................................................13

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*,
   631 F.3d 436 (7th Cir. 2011) ..................................................................................................5

*Puri v. Khalsa*,
   674 F. App'x 679 (9th Cir. 2017) ............................................................................................6

*Rael v. N.Y. & Co., Inc.*,
   2016 WL 7655247 (S.D. Cal. Dec. 28, 2016)..........................................................................7

*Rubenstein v. The Gap, Inc.*,
   14 Cal. App. 5th 870 (2017) ....................................................................................................8

*Rutherford Holdings, LLC v. Plaza Del Rey*,
   223 Cal. App. 4th 221 (2014) ................................................................................................10

*S. Cal. Stroke Rehab. Assocs. v. Nautilus, Inc.*,
   554 F. App'x 656 (9th Cir. 2014) ..........................................................................................11

*Saroya v. Univ. of the Pac.*,
   503 F. Supp. 3d 986 (N.D. Cal. 2020) ..................................................................................10

*Seegert v. Luxottica Retail North America, Inc.*,
   2018 WL 1214888 (S.D. Cal. Feb. 23, 2018)..........................................................................8

*Sonner v. Premier Nutrition Corp.*,
   971 F.3d 834 (9th Cir. 2020) ..........................................................................................12, 13

*Sperling v. DSWC, Inc.*,
   699 F. App'x 654 (9th Cir. 2017) ............................................................................................9

*Stearns v. Select Comfort Retail Corp.*,
   763 F. Supp. 2d 1128 (N.D. Cal. 2010) ................................................................................11

*Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*,
   637 F.3d 1047 (9th Cir. 2011) ................................................................................................5

*Vizcarra v. Michaels Stores, Inc.*,
   2024 WL 64747 (N.D. Cal., Jan. 5, 2024)............................................................................10

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) ................................................................................................12

**Statutes**

Cal. Bus. & Prof. § 17501 ....................................................................................................5, 8, 12

Cal. Com. Code § 2102 ...............................................................................................................11

Cal. Com. Code § 2607(3)(A) ....................................................................................................11

Or. Rev. Stat. Ann. § 646.608 ......................................................................................................9

Or. Rev. Stat. Ann. § 646.638 ......................................................................................................9

**Other Authorities**

Fed. R. Civ. P. 8 .......................................................................................................................5, 6

Fed. R. Civ. P. 9 ................................................................................................................. *passim*

Fed. R. Civ. P. 12(b)(6) ..........................................................................................................5, 12

Or. Admin R. 137-020-0010 .........................................................................................................9

## STATEMENT OF ISSUES TO BE DECIDED

1.  Claims for fraud and violation of consumer-protection statutes can lie only if a reasonable consumer would be deceived by the representation at issue. Plaintiffs contend that they saw price displays communicating a member discount off the nonmember price, yet they contend that they interpreted those displays as offering a members-only sale from the item's "true ordinary price." Could a reasonable consumer be deceived by paying the advertised "Member Price" rather than the nonmember price?

2.  Rule 9(b) requires plaintiffs alleging fraud-based claims to allege not only the who, what, when, and where of the at-issue representations, but also why they were false. Plaintiffs allege repeatedly that Safeway's posted nonmember prices represent "false reference prices," but offer no factual allegations explaining why they were false. Do Plaintiffs' claims meet Rule 9(b)'s heightened pleading standard?

3.  California does not recognize a cause of action for unjust enrichment. Instead, a party can recover equitable restitution only if some underlying wrong committed by the defendant would justify that recovery. Plaintiffs allege nothing suggesting that Safeway engaged in any wrongful conduct. Can Plaintiffs' unjust enrichment claim survive?

4.  The California Commercial Code requires that buyers of goods provide notice of their claims before pursuing them in court. Plaintiffs do not (and cannot) allege that they provided Safeway with pre-suit notice of their breach-of-contract claim. Can Plaintiffs pursue their claims?

5.  Equitable relief like restitution and an injunction is available only when the plaintiff lacks an adequate remedy at law. Plaintiffs admit here that they have adequate legal remedies. Can their equitable-relief claims survive?

I.    **INTRODUCTION**

Nearly every shopper knows that receiving a discount is a benefit, not an injury.  The Plaintiffs here are the rare exceptions.  They complain not that they were overcharged, but instead that, as members of Safeway's rewards program, Safeway for U, they paid *less than* the price charged to nonmembers.

This case is readily distinguishable from the hundreds of other "fake sales" cases that have been filed over the last decade, because it does not involve any "sale," or any former price (such as an "original" price).  Instead, Safeway simply told Safeway for U members that they could pay a lower "Member Price" as a benefit of their membership.  Plaintiffs complain that the lower prices that they paid for wine represent "fabricated discounts that never end"—*i.e.*, that Safeway offered the wine they purchased at a member discount *too frequently*.  Compl.  ¶ 4.

Critically, however, Plaintiffs do not explain why a member-exclusive discount is deceptive.  It is not.  Reasonable consumers would not interpret the "Member Price" as anything other than a member price.  As a result, none of Plaintiffs' claims satisfies the *Twombly*/*Iqbal* standard, much less Rule 9(b).

Plaintiffs' breach-of-contract claim also fails for lack of notice, and because a discount from a "former price" was not part of any contract.  Additionally, their unjust-enrichment claim fails because California law recognizes no such claim, and at any rate, their substantive claims fail, which precludes Plaintiffs from establishing anything "unjust" about Safeway's sales practices.  Finally, Plaintiffs' prayers for equitable relief must be stricken because Plaintiffs never explain why damages would not provide an adequate remedy for their alleged injuries.

Accordingly, to the extent the Court does not grant Safeway's concurrently-filed Motion to Compel Arbitration, it should dismiss the Complaint in its entirety.

II.    **SUMMARY OF RELEVANT FACTS**

A.    **Defendant Safeway, Inc.**

Safeway is among the country's best-known grocery store brands.  Safeway offers a rewards program called Safeway for U, which offers discounts to customers shopping online and in-person at Safeway stores.  *See* Compl.  ¶¶ 1, 14.

The Complaint alleges that Safeway promotes the Safeway for U program as providing "exclusive access to offers on items & brands you love most," among other perks.  *Id.* ¶ 15.  "Members are eligible

2

to receive price purported [sic] discounts on products available for purchases in-store and online as long as they use their account number at checkout." *Id.* ¶ 16.

**B.     Plaintiff's Allegations**

Plaintiffs are members of Safeway for U ("Members"), who each have bought several bottles of wine from Safeway stores using their membership perks.  While each Plaintiff identifies several wines he or she has purchased, none specifies the dates of their purchases, or what the pricing displays said on those dates.  No Plaintiff claims to have shopped on the Safeway website.

The crux of the Complaint is that Safeway always advertises its wine using two prices:  a higher nonmember price (the "reference price"), and a lower "Member Price" (which they also call a "members-only price," *see id.* ¶ 56).  Plaintiffs say they interpreted the "Member Price" as a "time-limited discount promotion for Safeway Rewards members." *Id.* ¶ 38.  They interpreted the higher, nonmember price as the "ordinary price." *Id.* ¶ 39.  They claim that "Safeway's time-limited member discounts are fake," because "Safeway's wines are never sold to Safeway for U members at the reference prices." *Id.* ¶¶ 2, 4.

Plaintiffs cite no statement by Safeway representing that the wine was "ordinarily" offered at the higher price—other than the mere fact that the price display included two prices, one higher than the other. To the contrary, Plaintiffs each claim to have bought several bottles of wine over the class period—all at discounted "Member Prices."  In other words, Plaintiffs acknowledge that they received a significant benefit from being Safeway for U members:  discounted prices.

Plaintiffs suggest that they are upset that the "Member Price" does not revert to the nonmember price at the end of the posted sale (*e.g., id.* ¶ 29), but they nowhere allege that Safeway promised that would happen.  Although the smaller text on the screenshots of in-store pricing is difficult to read (*id.* ¶ 23), nothing on the tags appears to reflect such a promise:

//

//

//

//

//

//

**DEFENDANT SAFEWAY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**
**Case No. 4:24-cv-06553-JSC**



Plaintiffs claim that an "end date" on each price display suggests that "after the specified date, the products will no longer be on sale and will retail at their purported list prices." *Id*. ¶ 29.  However, they do not explain why reasonable consumers would interpret an innocuous and ubiquitous sale-end date this way—especially when allegedly confronted with a wall of wine in which every bottle is subject to membership savings, every time they visit the store.  *See*, *e.g.*, *id*. ¶ 23 (photograph of wall of wine); *id*. ¶ 3 ("Safeway *never* sells wine to its Safeway Rewards members at the reference prices.").

Regardless, none of the Plaintiffs claim to have seen the price display shown above (which notably lists three prices rather than two), or even a similar display, or relied on the listed end date.  Plaintiffs do not identify a single word that they claim deceived them.  And while the Complaint also contains screenshots of online prices that display a higher strike-through price and a lower "Member Price" (*e.g.*, *id*. ¶¶ 25–26), none of the Plaintiffs claim to have shopped online, and in fact, the putative class is limited to in-store customers.  *Id*. ¶¶ 39, 43, 47, 51.

Plaintiffs pursue claims on behalf of customers who (1) are members of Safeway's for U program, (2) bought wine at a Safeway store using their Safeway for U account, and (3) paid a discounted "members-only price."  *Id*. ¶ 56.  On behalf of a nationwide class and California sub-class, all Plaintiffs bring claims under California's False Advertising Law (FAL), Unfair Competition Law (UCL), and Consumers Legal Remedies Act (CLRA), and for common-law breach of contract, quasi-contract/unjust enrichment, and fraud.  Plaintiffs Horner and Brouhard additionally purport to bring claims under the Oregon Unlawful Trade Practices Act (UTPA), on behalf of an Oregon sub-class.

//

## III.    APPLICABLE STANDARD

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Rule 8(a)(2) ... requires a showing, rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*.

Additionally, where, as here, the claims are "grounded in fraud," the pleading must satisfy Rule 9(b)'s particularity requirement. *Kearns v. Ford Motor Co*., 567 F.3d 1120, 1125–26 (9th Cir. 2009). In addition to identifying "the who, what, when, where, and how of the misconduct charged," Plaintiffs must explain "what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso ex rel. United States v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotations and citations omitted). Rule 9(b) serves not only to give notice to the defendant of the specific fraudulent conduct against which it must defend, but also:

> [T]o deter the filing of complaints as a pretext for the discovery of unknown wrongs, to protect [defendants] from the harm that comes from being subject to fraud charges, and to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis.

*Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (internal citations and quotations omitted); *see also Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) (Rule 9 "is designed to discourage a 'sue first, ask questions later' philosophy.").

## IV.    ARGUMENT

### A.    Plaintiffs' Statutory Claims, Fraud Claim, and Unjust Enrichment Claim Fail Because the Complaint Pleads No Facts Suggesting Fraudulent Conduct

Plaintiffs' statutory (UCL, FAL, CLRA, UTPA), common-law-fraud, and unjust-enrichment claims are premised upon allegations of false or misleading statements—in other words, alleged fraud. *See e.g.*, Compl.  ¶ 74 (FAL); ¶ 82 (UCL; alleging that "Safeway's use of false reference prices … was

fraudulent"); ¶ 98 (CLRA); ¶ 116 (unjust enrichment: alleging "false and misleading advertising" and "falsely discounted prices"); ¶ 122 (fraud); ¶¶ 138–139 (UTPA).

Those allegations doom Plaintiffs' claims for multiple reasons.

First, because those claims are grounded in fraud, they trigger Rule 9(b)'s heightened pleading standard. *Kearns*, 567 F.3d at 1125–26; *Puri v. Khalsa*, 674 F. App'x 679, 690 (9th Cir. 2017) ("Because the unjust enrichment claim is based on fraud, it too is subject to Rule 9(b)"). The Complaint flunks this heightened standard, as it omits basic facts necessary to identify Plaintiffs' purchases, including when they took place, or the specific statements they relied on. This, in itself, justifies dismissal.

Second, as explained below, the Complaint offers no factual allegations—required under both Rule 9(b) and the general pleading standard—suggesting that any reasonable consumer could be deceived.

### 1.    Plaintiffs Fail to Identify Any Allegedly Misleading Statement that They Saw

At a basic level, the Complaint's fraud-based claims fail because the Complaint never identifies any Safeway statement that Plaintiffs contend deceived them, leaving Safeway to guess at the basis for Plaintiffs' claims. Both Rules 8 and 9 operate to ensure that defendants understand what they must defend against. *Twombly*, 550 U.S. at 555 (notice pleading standard under Rule 8); *Kearns*, 567 F.3d at 1126 (Rule 9(b) requires that allegations "be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong'"). The Ninth Circuit has held repeatedly that district courts must dismiss complaints that fail to identify the specific statements that plaintiffs claim are deceptive. *Kearns*, 567 F.3d at 1126 (affirming dismissal because plaintiff did not specify which alleged misrepresentations she relied on, "when [s]he was exposed" to them, "who made th[e] statement," and "which ones [s]he found material."); *Haskins v. Symantec Corp.*, 2016 WL 3391237, at *1 (9th Cir. June 20, 2016) (affirming dismissal where "[plaintiff's] complaint did not allege that she read and relied on a specific misrepresentation"); *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392–93 (9th Cir. 1988) (requiring "time, place and specific content of the false representations").

Applying these principles, several district courts have dismissed deceptive-pricing claims when the complaint (like Plaintiffs') fails to specify the representations at issue. For example, in *Azimpour v. Sears, Roebuck & Co.*, the Court explained:

**DEFENDANT SAFEWAY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**
**Case No. 4:24-cv-06553-JSC**

> While it is true that Plaintiff alleges where and when he purchased the particular brand of pillow, he does not allege with particularity the form in which he saw the purportedly misleading "pricing information." Plaintiff merely states the [*sic*] he "observed merchandise for which 'regular' prices were listed alongside 'discounted' prices in larger, bold fonts" . . . Without more, Defendant plainly cannot verify Plaintiff's allegations of fraud as it applies to its sale of the pillow, much less any other product.

2016 WL 7626188, at *7 (S.D. Cal, Oct. 17, 2016) (internal citations omitted); *see also Nunez v. Best Buy Co.*, 315 F.R.D. 245, 249 (D. Minn. June 7, 2016) (dismissing a complaint for failure to satisfy Rule 9(b) where plaintiff did "not specify whether he relied upon, for example, a price tag in a store, a paper flyer, an e-mail, or a price listed on Best Buy's website"); *Rael v. N.Y. & Co., Inc.*, 2016 WL 7655247, at *6 (S.D. Cal. Dec. 28, 2016) ("Nowhere does Plaintiff give details as to what signs she relied on, what the signs said or looked like, or where they were located.").[1] The court should do the same here. As the *Azimpour* court explained, "[t]he details of the 'pricing information' that *Plaintiff[s] saw* and relied on are peculiarly in [their] control." 2016 WL 7626188, at *7 (emphasis in original).

### 2. Reasonable Consumers Would Not Interpret "Member Prices" as Temporary Sales from "Ordinary" Prices

Even if the Court were to assume that the unspecified representations that Plaintiffs saw were akin to the price displays depicted in Paragraph 23's screenshots, the Complaint would still fail, as Plaintiffs' proffered interpretation of Safeway's "Member Prices" is unreasonable and implausible. Put differently, Plaintiffs misapprehend the offer presented, and unreasonably so. A "Member Price" is not a discount from a former price. Instead, the comparison is simple: nonmembers pay the higher reference price;

---

[1] *See also, e.g., Brown v. Madison Reed, Inc.,* 2021 WL 3861457, at *10 (N.D. Cal. Aug. 30, 2021) (finding that plaintiffs' pleading was deficient because they did not allege that they relied on any specific statements in deciding to purchase the defendant's products, instead making only general claims about misleading representations regarding the products being "Free of" harmful chemicals, which fails to meet Rule 9(b)'s heightened pleading standard); *McDonald v. Wells Fargo Bank, N.A.*, 2013 WL 6512881, at *5 (N.D. Cal. Dec. 12, 2013) ("Plaintiff does not describe any false statements made by Defendant, let alone allege when, where, and how the statements were made."); *Levay v. AARP, Inc.*, 2019 WL 2108124, at *6–7 (C.D. Cal. May 14, 2019).

DEFENDANT SAFEWAY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT
Case No. 4:24-cv-06553-JSC

1    members pay the lower "Member Price."[2]

2    Dismissal is appropriate when, as here, a court can conclude as a matter of law that an
3    advertisement is not likely to deceive reasonable consumers. *See Ebner v. Fresh, Inc.*, 838 F.3d 958, 965
4    (9th Cir. 2016) (citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995)).  And California courts
5    do not underestimate the reasonable consumer's intelligence.  In *Rubenstein v. The Gap, Inc.*, 14 Cal. App.
6    5th 870 (2017), for example, the plaintiff accused a clothing retailer of deceiving its customers by using
7    its brand name in factory-outlet stores that, the plaintiff alleged, offered inferior merchandise rather than
8    the same merchandise offered in its flagship stores.  The court rejected that theory, stating that the alleged
9    misrepresentation at issue (*i.e.*, selling items in a "Factory" store) did not say what the plaintiffs claimed
10   it meant.  *Id*. at 877 ("[T]he SAC alleges no statement by Gap about the quality of factory store
11   merchandise or that it was previously for sale in traditional Gap-owned stores").  The Court further noted
12   that "a consumer for whom the retail history of factory store items is material can ask [store] employees
13   about this," and "[a] reasonable consumer would also inspect the quality of factory store clothing items."
14   *Id*. at 877.  Here, too, consumers could have asked sales associates whether the promotion was a special,
15   short-term offer, or how often the wines are offered to Members at full price.

16   *Seegert v. Luxottica Retail North America, Inc.*, 2018 WL 1214888, at *3 (S.D. Cal. Feb. 23, 2018)
17   is also instructive.  There, the plaintiff claimed that a sign advertising "40% Off Lenses With Frame
18   Purchase" was deceptive because the lenses were never offered or sold at the regular price.  The Court
19   found that the plaintiff's theory failed under "even a dim-witted consumer standard" because "the
20   overwhelming proportion of consumers would construe this advertisement to mean that by purchasing
21   frames the consumer would receive 40% off the list or regular price of the lenses."  *Id.* at *2.  Simply put,
22   when reasonable consumers would not interpret a promotion as reflecting a former price, the plaintiff
23   "cannot meet her burden by alleging in conclusory fashion that the advertisement is deceptive because the
24   lenses were not sold at list price."  *Id.* at *3.

25

26   ───────────────
     [2] Likely for this reason, Plaintiffs do not pursue claims under California's "Former Price Law," Cal. Bus.
27   & Prof. § 17501.  *Cf. Hermanson v. Lenovo Grp. Ltd*., 2024 WL 819566, at *3 (N.D. Cal. Feb. 27, 2024)
     (dismissing Section 17501 claim because "Est Value" is not a former price).
28

Regardless, Plaintiffs allege no facts supporting their theory that "Safeway *never* sells wine to its Safeway [for U] members at the reference prices—only at the false 'sale' prices."  Compl. ¶¶ 3–4.  The Complaint does not allege a single fact to support this conclusory allegation.  Courts have repeatedly dismissed similar conclusory allegations under Rule 9(b).  *See, e.g.*, *Sperling v. DSWC, Inc*., 699 F. App'x 654, 655 (9th Cir. 2017); *Lisner v. Sparc Grp. LLC*, 2021 WL 6284158, at *5 (C.D. Cal. Dec. 29, 2021).

**B.    Oregon's Pricing Regulations Do Not Help Plaintiffs Horner and Brouhard State a UTPA Claim**

Plaintiffs Horner and Brouhard's UTPA claim fails for an additional reason: they do not plausibly allege that Safeway engaged in any "method, act or practice declared unlawful under ORS 646.608."  Or. Rev. Stat. Ann. § 646.638.  Plaintiffs cite at length from Oregon's pricing regulations for former pricing, but because Plaintiffs do not allege facts to suggest former prices, these authorities do not apply.

Each of the regulations cited is inapposite.  **ORS 646.608(1)(j)** prohibits making "false or misleading representations of fact concerning the reasons for, existence of, or amounts of price reductions."  Relatedly, Plaintiffs claim that Safeway violated **ORS 646.608(1)(j), (1)(s), (1)(u), and (4)** by using "false reference prices."  And **OAR 137-020-0010** applies only if a retailer advertises a reference price that it (a) did not actually offer in good faith in the regular course of business, (b) will not offer in the future, or (c) is not offered by an identifiable competitor.

Here, Safeway misrepresents nothing.  It offers a discount for Members and makes plain the reason for the discount: Safeway for U membership.  That fact, which the Complaint implicitly acknowledges, negates any suggestion of a misleading representation of fact or of a false reference price, so the various subsections of ORS 646.608 are off the table.  And because Plaintiffs never allege that nonmembers would not pay the higher reference price but for their membership perks, Plaintiffs' allegations cannot support a violation of OAR 137-020-0010, either.

**C.    Plaintiffs Have Not Stated a Claim for Unjust Enrichment**

Plaintiffs' unjust-enrichment (*i.e.*, quasi-contract) claim for fails for a simple reason:  There is no such thing.  "Unjust enrichment is not a cause of action, [ ] or even a remedy, but rather a general principle, underlying various legal doctrines and remedies."  *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) (internal quotation marks omitted).  "It is synonymous with restitution."  *Id.*  If Plaintiff's

9

underlying causes of action fail, a "claim for unjust enrichment cannot stand alone as an independent claim for relief." *Hovsepian v. Apple, Inc.*, 2009 WL 5069144, at *5 (N.D. Cal. Dec. 17, 2009) (citing *Jogani v. Superior Ct.,* 165 Cal. App. 4th 901, 911 (2008)); *accord Ebner v. Fresh, Inc.,* 818 F.3d 799, 808 (9th Cir. 2016) (affirming dismissal of unjust enrichment claim when underlying claims failed).

As shown, Plaintiffs fail to plead facts suggesting any fraudulent conduct that could trigger a right to restitution.  With no viable underlying cause of action, Plaintiffs' plea for unjust enrichment fails.  *Oestreicher v. Alienware Corp.,* 544 F. Supp. 2d 964 (N.D. Cal. 2008), *aff'd*, 322 F. App'x 489, 975 (9th Cir. 2009) (dismissing unjust-enrichment claim sounding in fraud because if the plaintiffs' fraud claims fail, they have "no basis for [their] unjust enrichment claim.").

Plaintiffs' unjust-enrichment claim also fails because "a plaintiff may not plead the existence of an enforceable contract and simultaneously maintain a quasi-contract claim unless the plaintiff also pleads facts suggesting that the contract may be unenforceable or invalid."  *Saroya v. Univ. of the Pac.*, 503 F. Supp. 3d 986, 998 (N.D. Cal. 2020); *see also Rutherford Holdings, LLC v. Plaza Del Rey*, 223 Cal. App. 4th 221, 231 (2014) ("[A]n action based on an implied-in-fact or quasi-contract cannot lie where there exists between the parties a valid express contract covering the same subject matter.").  Here, Plaintiffs allege that they "entered into contracts when they purchased wine from Safeway."  Compl. ¶ 107.  They have not pled that this contract is unenforceable or invalid.  Plaintiffs' unjust-enrichment claim is therefore barred.  *See, e.g.*, *Vizcarra v. Michaels Stores, Inc.*, 2024 WL 64747, at *9 (N.D. Cal., Jan. 5, 2024) (dismissing unjust-enrichment claim alleging that "'false and misleading advertising' caused her to purchase [defendant's] products and 'pay a price premium" where the transaction formed a valid contract); *Klein v. Chevron U.S.A., Inc*., 202 Cal. App. 4th 1342, 1388–90 (2012), *as modified on denial of reh'g* (Feb. 24, 2012) (finding plaintiffs are "precluded from asserting a quasi-contract" where "plaintiffs' breach of contract claim pleaded the existence of an enforceable agreement").

### D.    The Court Should Also Dismiss Plaintiffs' Contract Claim

Plaintiffs' breach-of-contract claims fail both procedurally (because Plaintiffs failed to provide the required notice) and substantively (because Plaintiffs misconstrue the contract).

//

//

1

### 1.    *Plaintiffs Failed to Provide the Notice that California Law Requires*

2     The California Commercial Code prohibits buyers from suing for breach of contract unless they

3     first provide notice of the alleged breach.  Cal. Com. Code § 2607(3)(A) ("The buyer must, within a

4     reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach

5     or be barred from any remedy").  The Commercial Code applies here because Plaintiffs allege contracts

6     for the sale of goods.  *See* Cal. Com. Code § 2102; Compl. ¶ 107 (alleging contracts to buy wine).

7     California courts apply § 2607(3)(A)'s requirement to bar breach-of-contract actions when, as

8     here, the plaintiff fails to provide notice before the suit is filed.  The California Court of Appeals

9     recognizes that the notice requirement is "designed to allow the seller the opportunity to repair the

10    defective item, reduce damages, avoid defective products in the future, and negotiate settlements."

11    *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 135, 87 Cal. Rptr. 3d 5 (2008); *see*

12    *also id.* ("To recover on a breach of warranty claim, the buyer must, within a reasonable time after he or

13    she discovers or should have discovered any breach, notify the seller of any breach or be barred from any

14    remedy").  The buyer has the burden of alleging and proving reasonable notice.  *Stearns v. Select Comfort*

15    *Retail Corp.,* 763 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010) (citation omitted).

16    The Ninth Circuit has affirmed that California law requires strict compliance with

17    § 2607(3)(A): "The purpose of giving notice of breach is to allow the breaching party to cure the breach

18    and thereby avoid the necessity of litigating the matter in court. . . This purpose would be completely

19    undermined if it could be satisfied with the giving of post-suit notice."  *Alvarez v. Chevron Corp.*, 656

20    F.3d 925, 932 (9th Cir. 2011); *see also S. Cal. Stroke Rehab. Assocs. v. Nautilus, Inc.*, 554 F. App'x 656,

21    656 (9th Cir. 2014) (the purpose of the statutory requirement is to give the defendant an "opportunity [to

22    repair] the defective item, reduc[e] damages, avoid[] defective products in the future, and negotiat[e]

23    settlements" (citations omitted)); *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 929–30 (N.D. Cal. 2012).

24    Here, Plaintiffs claim they "provided Safeway with notice of this breach of contract by letter sent

25    certified mail, return receipt requested, on September 17, 2024"—*i.e.*, the day before the Complaint was

26    filed.  Compl. ¶ 112.  This does not satisfy Plaintiffs' burden to show that they gave Safeway a reasonable

27

28

**DEFENDANT SAFEWAY, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT**
**Case No. 4:24-cv-06553-JSC**

opportunity to cure any alleged breach before filing suit.[3]  *Alvarez*, 656 F.3d at 932 (dismissing breach-of-contract claim with prejudice where notice was sent at the same time as the complaint).  Plaintiffs have not and cannot satisfy the Commercial Code's pre-suit notice requirement.  The Court should dismiss Plaintiffs' breach-of-contract claim with prejudice.

### 2.    *Plaintiffs' Breach-of-Contract Claim Misconstrues the Alleged Contract*

Even if Plaintiffs had provided notice, their claim would still fail.  Plaintiffs' description of the at-issue contract does not comport with their factual allegations.  Plaintiffs allege that their contracts "required that Safeway provide Plaintiffs … with wine products that have *a former price* … equal to the advertised regular prices."  Compl. ¶ 109 (emphasis added).  But the Complaint's photographed in-store price tags say nothing about "former" prices.  Instead, they depict a nonmember price and a "Member Price."  *Id*. ¶ 23.  The offer at issue is that members can purchase products at a lower price, and nonmembers at a higher price.  The offer says nothing about former prices, and Plaintiffs cannot pretend otherwise and imagine their way to a breach-of-contract claim.

### E.    Plaintiffs' Claims for Equitable Relief Are Precluded Because Plaintiffs Never Allege That They Lack an Adequate Remedy at Law

When a cause of action allows for multiple forms of relief, and one such form of relief is barred as a matter of law, a court may dismiss or strike that prayer for relief under Rule 12(b)(6).  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010); *see also Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984).

Here, Plaintiffs seeks several forms of equitable relief: restitution and injunctive relief under the UCL, FAL, CLRA, and UTPA, in addition to restitution under a standalone unjust-enrichment cause of action.  They also seek a legal remedy—damages—under their CLRA, UTPA, contract, and fraud clams.

It "is a basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (citation omitted); *see also Guzman v. Polaris Indus. Inc.*, 49 F.4th

---

[3] The Certified Mail tracking number for the letter, 9589071052700773168935, shows the letter was not delivered until September 26, 2024—more than a week after the suit was filed.

1308, 1312 (9th Cir. 2022); *In re Apple Processor Litig.*, No. 22-16164, 2023 WL 5950622, at *2 (9th Cir. Sept. 13, 2023) (dismissing injunctive relief and restitution).  Moreover, "even if a state authorizes its courts to provide equitable relief when an adequate legal remedy exists, such relief may be unavailable in federal court because equitable remedies are subject to traditional equitable principles unaffected by state law." *Sonner*, 971 F.3d at 841.

Following the Ninth Circuit's decisions in *Sonner*, "a plaintiff must allege some facts suggesting that damages are insufficient to make them whole when seeking equitable relief."  *Easton v. Wells Fargo & Co.*, 2022 WL 17886002, at *3 (C.D. Cal. Dec. 6, 2022) (internal quotation marks omitted); *see also Clark v. Eddie Bauer LLC*, 2024 WL 177755, at *2 (9th Cir. Jan. 17, 2024) (holding that the plaintiff "fails to state a claim for retrospective equitable relief [under UTPA], because her complaint contains no allegations as to why she lacks an adequate remedy at law for her disgorgement and restitution claims.");[4] *Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1122 (C.D. Cal. 2021) ("under *Sonner*, Plaintiffs must allege that they lack an adequate remedy at law to seek injunctive relief" and collecting cases); *In re Intel Corp. CPU Mktg., Sales Pracs. & Prod. Liab. Litig.*, 2021 WL 1198299, at *11 (D. Or. Mar. 29, 2021), *aff'd*, 2023 WL 7211394 (9th Cir. Nov. 2, 2023) (dismissing unjust-enrichment claim pled "in the alternative" where "[p]laintiffs ha[d] not alleged, even in the alternative, that they do not have adequate legal remedies").

Plaintiffs contend, "[e]quitable relief is appropriate because Plaintiffs *may* lack an adequate remedy at law," because damages may not be as "prompt," "certain," or rich as their claims for restitution. Compl. ¶ 54–55.  Plaintiffs' fear of losing on their damages claim, or winning less than they otherwise could, does not demonstrate the lack of an adequate remedy at law.  As this Court recognized in *Moss v. Infinity Ins. Co.*, "Where, as here, a plaintiff can seek money damages if she prevails on claims for breach of contract . . . she has an adequate remedy at law"—"even if" the plaintiff's claims for equitable relief "ultimately fail."  197 F. Supp. 3d 1191, 1203 (N.D. Cal. 2016) (quoting *Rhynes v. Stryker Corp.,* 2011

---

[4] Safeway respectfully suggests that the Court in *Clark* erred in allowing the Plaintiff's claim for injunctive relief to proceed.  *See, e.g. In re Apple Processor Litig.*, 2023 WL 5950622, at *2; *Philips v. Ford Motor Co.*, 726 F. App'x 609, 609 (9th Cir. 2018); *In re MacBook Keyboard Litig.*, 2020 WL 6047253, at *3 (N.D. Cal. Oct. 13, 2020).

WL 2149095, at *4 (N.D. Cal. May 31, 2011) ("Plaintiffs' argument that they will have no adequate remedy at law if their other claims fail is unavailing.  Where the claims pleaded by a plaintiff *may* entitle her to an adequate remedy at law, equitable relief is unavailable.")); *Mullins v. Premier Nutrition Corp.*, 2018 WL 510139, at *2 (N.D. Cal. Jan. 23, 2018), *aff'd sub nom. Sonner*, 962 F.3d 1072 ("In the Ninth Circuit, the relevant test is whether an adequate damages remedy is available, not . . . whether she will be successful in that pursuit.").

## V.    CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' claims in their entirety.

Dated:  November 12, 2024

Respectfully submitted,

*s/ Meegan B. Brooks*
STEPHANIE SHERIDAN (CA 135910)
MEEGAN B. BROOKS (CA 298570)
NICOLETTE SHAMSIAN (CA 341466)
Benesch, Friedlander, Coplan & Aronoff LLP

Attorneys for Defendant Safeway, Inc.