Neal J. Deckant (State Bar No. 322946)
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ndeckant@bursor.com

[Additional Counsel on signature page]

*Attorneys for Plaintiffs and the Putative Class*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TEMPEST, LADIAMOND HARVEY, SARAH MCGREGOR HORNER, and BRIONNA BROUHARD, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br>    v.<br><br>SAFEWAY, INC.,<br>                    Defendant. | Case No. 3:24-cv-06553-JSC<br><br>**PLAINTIFFS' STATEMENT IN RESPONSE TO DEFENDANT'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [L.R. 79-5(F)]** |

Pursuant to Rule "79-5(f) of the Civil Local Rules, Plaintiffs Michael Tempest, LaDiamond Harvey, Sarah McGregor Horner, and Brionna Brouhard (together, "Plaintiffs") respectfully request that the Court seal Plaintiffs' personal email address and portions of their account numbers, included in Defendant Safeway, Inc.'s ("Defendant") Declarations of Kevin Michael and Greg Borup, submitted in support of Defendant's Motion to Compel Arbitration. *See* ECF No. 21 (Defendant's administrative motion to seal); ECF No. 20-1 (Declaration of Kevin Michael) ("Michael Decl."); ECF No. 20-2 (Declaration of Greg Borup) ("Borup Decl.").

## I. THE APPLICABLE LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Id.* at 1097. Records attached to non-dispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

In addition, in this district, all parties requesting sealing must comply with Civil Local Rule 79-5. That rule requires, inter alia, the moving party to provide "the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). Further, Civil Local Rule 79-5 requires

the moving party to provide "evidentiary support from declarations where necessary." Civ. L.R. 79-5(c)(2). And the proposed order must be "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(3).

Where, as here, when a party seeks to seal a document because it has been designated as confidential by another party, the filing party must file an Administrative Motion to Consider Whether Another Party's Material Should be Sealed. Civ. L.R. 79-5(f); *see also* ECF No. 21 (Defendant's administrative motion). Then, the party who designated the material as confidential must, within seven days of the motion's filing, file a statement and/or declaration that meets the requirements of subsection (c)(1). Civ. L.R. 79-5(f)(3). Any party can file a response to that declaration within four days. Civ. L.R. 79-5(f)(4).

## II.     THE REASONS FOR KEEPING THE PORTIONS OF THE RECORD UNDER SEAL

In support of its Motion to Compel Arbitration in this matter (ECF No. 20), Safeway filed the Declarations of Kevin Michael and Greg Borup, which discuss Plaintiffs' involvement in "Safeway for U" and related rewards programs. *See* ECF No. 20-1 (Michael Decl.); ECF No. 20-2 (Borup Decl.); *see also* ECF No. 21 (Defendant's administrative motion to seal). These Declarations contain Plaintiffs' personal email addresses, along with portions of their account numbers. *See id.* Pursuant to the Plaintiffs' request, Safeway requested that the following information be sealed:

- Michael Declaration, portions of paragraphs ¶¶ 23–26 (disclosing plaintiff emails and account numbers).

- Borup Declaration, portions of paragraphs ¶¶ 4–7 (disclosing plaintiff emails).

Plaintiffs' personal email addresses and account numbers are confidential personal information. Courts in this district have routinely held that there are compelling reasons to seal such information. *See, e.g., Benedict v. Hewlett-Packard Co.*, 22014 WL 233827, at *3 (N.D. Cal. Jan. 21, 2014) (granting motion to seal Plaintiff's confidential personal information, including address, phone number, and email address); *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (finding compelling reasons to seal personally identifiable information and collecting cases); *Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D.

Cal. Mar. 14, 2019) (finding compelling reasons to seal personally identifiable information, "including names, addresses, phone numbers, and email addresses"); *see also Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180214, at *1 (N.D. Cal. Mar. 29, 2022) (sealing the names and addresses of nonparty family members).; *Nursing Home Pension Fund v. Oracle Corp.*, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft.").

This Court should hold the same, because the same interests in those cases are implicated here. There is little good that can come from the publishing of Plaintiffs' personal email addresses and account numbers to a public docket. Such exposure could subject Plaintiffs to, *inter alia*, harassment, retaliation, spam emails, phishing attacks, and/or identity theft. Courts in this district agree that "a party's legitimate interest in ensuring the privacy of personal information outweighs the public's interest in access to court filings." *See Laatz v. Zazzle, Inc.*, 2024 WL 4486991, at *2 (N.D. Cal. Sept. 18, 2024) (quoting *Richter v. Oracle Am., Inc.*, 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023)); *Nursing Home Pension Fund*, 2007 WL 3232267, at *2 (In such an instance, "the privacy interests in [] personal information outweighs the public's right to access.").

"Moreover, the amount of information that Plaintiffs seek to redact is small, and that the information [] has little or no relevance to any material issue in this case[,]" further weighing in favor of sealing. *See, e.g.*, *Nursing Home Pension Fund*, 2007 WL 3232267, at *2; *see also Snapkeys, Ltd.*, 2021 WL 1951250, at *3 (Sealing "personally identifiable information of [the defendant's] current and former employees, including their email addresses and telephone numbers" where such information "is not relevant to the merits of [Defendant's] motion for summary judgment.")

Lastly, no less restrictive alternative is sufficient. Indeed, "the parties' request is narrowly tailored because the requested sealing include only [the referenced] categories of information." *See Auto. Ass'n of N. California, Nevada & Utah*, 2019 WL 1206748, at *2. And the confidential personal information can be "redacted easily to protect third-party privacy interests while leaving other meaningful information[,]" which favors sealing as well. *See Foltz*, 331 F.3d 1122, 1137 (9th Cir. 2003).

As such, the Court should find there exist compelling reasons to seal the personally identifiable information at issue in this motion.

### III. CONCLUSION

For the foregoing reasons, the Court should find compelling reasons exist to seal the personally identifiable information at issue in this motion. The redacted portions of paragraphs ¶¶ 23–26 of the Michael Declaration (disclosing plaintiff emails and account numbers) and of paragraphs ¶¶ 4–7 of the Borup Declaration (disclosing plaintiff emails) should be maintained under seal.

Dated: November 19, 2024          **BURSOR & FISHER, P.A.**

By:   /**s**/ *Neal J. Deckant*
         Neal J. Deckant

Neal J. Deckant (State Bar No. 322946)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
Email: ndeckant@bursor.com

Annick M. Persinger (CA Bar No. 272996)
**TYCKO & ZAVAREEI LLP**
1970 Broadway – Suite 1070
Oakland, CA 94612
P: 510-254-6808
F: 202-973-0950
apersinger@tzlegal.com

Katherine M. Aizpuru (*pro hac vice* forthcoming)
Allison W. Parr (*pro hac vice* forthcoming)
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Avenue, NW, Suite 1010
Washington, District of Columbia 20006
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
kaizpuru@tzlegal.com
aparr@tzlegal.com

Yeremey O. Krivoshey (Bar No. 295032)
**SMITH KRIVOSHEY, PC**
166 Geary Street, Ste. 1500-1507
San Francisco, CA 94108
Phone: 415-839-7000
yeremey@skclassactions.com

Joel D. Smith (Bar No. 244902)
**SMITH KRIVOSHEY, PC**
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
joel@skclassactions.com

*Attorneys for Plaintiffs*