Stephanie A. Sheridan (SBN 135910)
Meegan B. Brooks (SBN 298570)
Ryan T. O'Hollaren (SBN 316478)
BALLARD SPAHR LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770
Facsimile: 424.731.8301
sheridans@ballardspahr.com
brooksm@ballardspahr.com
ohollarenr@ballardspahr.com

*Attorneys for Defendant*

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

MICHAEL TEMPEST, KERRY MCCARTY, HILLARY BEAM, and CHRISTOPHER LUNDT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

SAFEWAY INC.,

Defendant.

Case No. 3:24-cv-06553-JSC

**DEFENDANT'S ANSWER TO THIRD AMENDED CLASS ACTION COMPLAINT**

Judge: Hon. Jacqueline Corley
Dept.: Courtroom 8—19th Floor

Defendant Safeway Inc. ("Safeway") hereby submits its Answer to the Third Amended Class Action Complaint ("Complaint") filed by Plaintiffs Michael Tempest, Kerry McCarty, Hillary Beam, and Christopher Lundt. Except as expressly admitted, Safeway denies all allegations in the Complaint

**INTRODUCTION**

1. Safeway admits that it sells wine products at its stores. Except as expressly admitted, Safeway denies the allegations in Paragraph 1.

2. Safeway admits that it offers certain discounts to its Rewards Member customers and that some discounts have a "Thru" date. Except as expressly admitted, Safeway denies the allegations in Paragraph 2.

3. Safeway admits that it visually places a non-Member price above a Member price. Except as expressly admitted, Safeway denies the allegations in Paragraph 3.

4. Safeway denies the allegations in Paragraph 4.

5. Safeway denies the allegations in Paragraph 5.

6. Paragraph 6 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 6.

**PARTIES**

7. The allegations of Plaintiff Tempest's citizenship and residency in Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, Safeway lacks sufficient information to admit or deny the allegations in Paragraph 7, and therefore denies the same.

8. The allegations of Plaintiff McCarty's citizenship and residency in Paragraph 8 are legal conclusions to which no response is required. To the extent a response is required, Safeway lacks sufficient information to admit or deny the allegations in Paragraph 8, and therefore denies the same.

9. The allegations of Plaintiff Beam's citizenship and residency in Paragraph 9 are legal conclusions to which no response is required. To the extent a response is required, Safeway lacks sufficient information to admit or deny the allegations in Paragraph 9, and therefore denies

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

the same.

10. The allegations of Plaintiff Lundt's citizenship and residency in Paragraph 10 are legal conclusions to which no response is required. To the extent a response is required, Safeway lacks sufficient information to admit or deny allegations in Paragraph 10, and therefore denies the same.

11. Safeway admits the allegations in Paragraph 11.

**JURISDICTION AND VENUE**

12. Paragraph 12 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway admits that this Court has jurisdiction pursuant to the Class Action Fairness Act.

13. Paragraph 13 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway does not contest the Court's personal jurisdiction over Safeway in this case.

14. Paragraph 14 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway does not contest venue in this District in this case.

**FACTUAL ALLEGATIONS**

**A. Safeway's Rewards Program**

15. Safeway admits that offers a no-cost membership rewards program. Except as expressly admitted, Safeway denies the remaining allegations in Paragraph 15.

16. Safeway admits the allegations in Paragraph 16.

17. Safeway admits that discounts are available to members using their account number at checkout and the quoted statements members can "save with digital-only coupons and personalized deals," and gain "access to the maximum level of savings" both in-store and online. Except as expressly admitted, Safeway denies the remaining allegations in Paragraph 17.

18. Safeway admits that its Membership is not "exclusive," and that customers can sign up at checkout in-store. Except as expressly admitted, Safeway denies the remaining allegations in Paragraph 18.

19. Safeway denies the allegations in Paragraph 19.

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

**B. Safeway sells wine to Safeway Rewards members at fabricated discounts that never end.**

20. Safeway admits that the referenced citations in the footnotes exist and speak for themselves. Except as expressly admitted, Paragraph 20 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the remaining allegations in Paragraph 20.

21. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 21 and therefore denies the same.

22. Safeway denies the allegations in Paragraph 22.

23. Safeway denies the allegations in Paragraph 23.

24. Safeway denies the allegations in Paragraph 24.

25. Safeway denies the allegations in Paragraph 25.

26. Safeway denies the allegations in Paragraph 26.

**1. Safeway's consistent false advertising of sales on individual bottles of wine**

27. Safeway admits that it displays the non-Member prices on a white shelf tag and Member prices on a yellow tag. Except as expressly admitted, Safeway denies the remaining allegations in Paragraph 27.

28. Safeway admits that the photograph in Paragraph 28 resembles one of Safeway's shelf tags. Except as expressly admitted, Safeway denies the remaining allegations in Paragraph 28.

29. Safeway admits that the referenced image shows a "Thru" date. Except as expressly admitted, Safeway denies the remaining allegations in Paragraph 29.

**2. Contrary to its advertising of a temporary discount price, Safeway never ends its "sale" and its discount prices are actually Safeway's ordinary prices.**

30. Safeway denies the allegations in Paragraph 30.

31. Safeway denies the allegations in Paragraph 31.

32. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 32 and therefore denies the same.

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

33. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 33 and therefore denies the same.

34. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 34 and therefore denies the same.

35. Safeway denies the allegations in Paragraph 35.

36. Safeway admits that it keeps records of prices and sales. Except as expressly admitted, Safeway denies the remaining allegations in Paragraph 36.

37. Safeway denies the allegations in Paragraph 37.

**3. Safeway's scheme is a recognized form of deception.**

38. Safeway admits that the referenced citations in the footnotes exist and speak for themselves. Except as expressly admitted, Safeway lacks sufficient information to admit or deny the remaining allegations in Paragraph 38 and therefore denies the same.

39. Safeway admits the existence of the quoted portion of the C.F.R. Except as expressly admitted, Paragraph 39 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the remaining allegations in Paragraph 39.

**C. Safeway deceived Plaintiffs into buying wine with misleading discounts.**

**1. Plaintiff Tempest**

40. Safeway admits that it has records identifying an individual with Plaintiff Tempest's name as a Member. Except as expressly admitted, Safeway lacks sufficient information to admit or deny the remaining allegations in Paragraph 40 and therefore denies the same.

41. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 41 and therefore denies the same.

42. Safeway denies the allegations in Paragraph 42.

43. Safeway denies the allegations in Paragraph 43.

44. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 44 and therefore denies the same.

45. Safeway lacks sufficient information to admit or deny the allegations in

Paragraph 45 and therefore denies the same.

46. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 46 and therefore denies the same.

47. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 47 and therefore denies the same.

48. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 48 and therefore denies the same.

49. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 49 and therefore denies the same.

**2. Plaintiff McCarty**

50. Safeway admits that it has records identifying an individual with Plaintiff McCarty's name as a Member. Except as expressly admitted, Safeway lacks sufficient information to admit or deny the remaining allegations in Paragraph 50 and therefore denies the same.

51. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 51 and therefore denies the same.

52. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 52 and therefore denies the same.

53. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 53 and therefore denies the same.

54. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 54 and therefore denies the same.

55. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 55 and therefore denies the same.

56. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 56 and therefore denies the same.

57. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 57 and therefore denies the same.

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

58. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 58 and therefore denies the same.

59. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 59 and therefore denies the same.

60. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 60 and therefore denies the same.

61. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 61 and therefore denies the same.

62. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 62 and therefore denies the same.

63. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 63 and therefore denies the same.

64. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 64 and therefore denies the same.

65. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 65 and therefore denies the same.

66. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 66 and therefore denies the same.

67. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 67 and therefore denies the same.

68. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 68 and therefore denies the same.

69. Safeway denies the allegations in Paragraph 69.

70. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 70 and therefore denies the same.

71. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 71 and therefore denies the same.

72. Safeway lacks sufficient information to admit or deny the allegations in

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

Paragraph 72 and therefore denies the same.

73. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 73 and therefore denies the same.

74. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 74 and therefore denies the same.

**3. Plaintiff Beam**

75. Safeway admits that it has records identifying an individual with Plaintiff Beam's name as a Member. Except as expressly admitted, Safeway lacks sufficient information to admit or deny the remaining allegations in Paragraph 75 and therefore denies the same.

76. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 76 and therefore denies the same.

77. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 77 and therefore denies the same.

78. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 78 and therefore denies the same.

79. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 79 and therefore denies the same.

80. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 80 and therefore denies the same.

81. Safeway denies the allegations in Paragraph 81.

82. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 82 and therefore denies the same.

83. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 83 and therefore denies the same.

84. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 84 and therefore denies the same.

85. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 85 and therefore denies the same.

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

**4. Plaintiff Lundt**

86. Safeway admits that it has records identifying an individual with Plaintiff Lundt's name as a Member. Except as expressly admitted, Safeway lacks sufficient information to admit or deny the remaining allegations in Paragraph 87 and therefore denies the same.

87. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 87 and therefore denies the same.

88. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 88 and therefore denies the same.

89. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 89 and therefore denies the same.

90. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 90 and therefore denies the same.

91. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 91 and therefore denies the same.

92. Safeway denies the allegations in Paragraph 92.

93. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 93 and therefore denies the same.

94. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 94 and therefore denies the same.

95. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 95 and therefore denies the same.

96. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 96 and therefore denies the same.

97. Safeway lacks sufficient information to admit or deny the allegations in Paragraph 97 and therefore denies the same.

**D. No Adequate Remedy At Law**

98. Paragraph 98 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 98.

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

99. Paragraph 99 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 99.

100. Paragraph 100 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 100.

**CLASS ACTION ALLEGATIONS**

101. Safeway denies the appropriateness of classwide allegations in this case and denies any remaining allegations contained in Paragraph 101.

102. Safeway denies the appropriateness of classwide allegations in this case and denies any remaining allegations contained in Paragraph 102.

103. Safeway denies the appropriateness of classwide allegations in this case and denies any remaining allegations contained in Paragraph 103.

104. Safeway denies the appropriateness of classwide allegations in this case and denies any remaining allegations contained in Paragraph 104.

105. Safeway denies the appropriateness of classwide allegations in this case and denies any remaining allegations contained in Paragraph 105 and its subparts (a)-(o).

106. Safeway denies the appropriateness of classwide allegations in this case and denies any remaining allegations contained in Paragraph 106.

107. Safeway denies the appropriateness of classwide allegations in this case and denies any remaining allegations contained in Paragraph 107.

108. Safeway denies the appropriateness of classwide allegations in this case and denies any remaining allegations contained in Paragraph 108.

109. Safeway denies the appropriateness of classwide allegations in this case and denies any remaining allegations contained in Paragraph 109.

**COUNT I**

**VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW, CAL. BUS. & PROF. CODE § 17500 *ET SEQ.***

**(On behalf of Plaintiffs and the Proposed Class and California Subclass).**

110. Safeway repeats and realleges the foregoing denials and responses in this Answer as if fully set forth herein.

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

111. Safeway denies the appropriateness of classwide allegations in this case and denies any remaining allegations contained in Paragraph 111.

112. Safeway denies the allegations in Paragraph 112.

113. Paragraph 113 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 113.

114. Safeway denies the allegations in Paragraph 114.

115. Safeway denies the allegations in Paragraph 115.

116. Safeway denies the allegations in Paragraph 116.

117. Safeway denies the allegations in Paragraph 117.

118. Safeway denies the allegations in Paragraph 118.

119. Safeway denies the allegations in Paragraph 119.

120. Safeway denies the allegations in Paragraph 120.

121. Safeway denies the appropriateness of the requested relief in Paragraph 121.

**COUNT II**

**VIOLATION OF THE UNFAIR COMPETITION LAW, CAL. BUS. & PROF. CODE § 17200**

**(On behalf of Plaintiffs and the Proposed Class and California Subclass).**

122. Safeway repeats and realleges the foregoing denials and responses in this Answer as if fully set forth herein.

123. Safeway denies the appropriateness of classwide allegations in this case and denies any remaining allegations contained in Paragraph 123.

124. Safeway denies the allegations in Paragraph 124.

125. Paragraph 125 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 125.

126. Safeway denies the allegations in Paragraph 126.

**A. Fraudulent Prong**

127. Safeway denies the allegations in Paragraph 127.

128. Safeway denies the allegations in Paragraph 128.

129. Safeway denies the allegations in Paragraph 129.

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

130. Safeway denies the allegations in Paragraph 130.

**B. Unfair Prong**

131. Safeway denies the allegations in Paragraph 131.

132. Safeway denies the allegations in Paragraph 132.

**C. Unlawful Prong**

133. Safeway denies the allegations in Paragraph 133.

**D. Remedies**

134. Safeway denies the allegations in Paragraph 134.

135. Safeway denies the appropriateness of the requested relief in Paragraph 135.

**COUNT III**

**VIOLATION OF THE CALIFORNIA CONSUMER LEGAL REMEDIES ACT, CAL. CIV. CODE § 1760 ET SEQ.**

**(On behalf of Plaintiffs and the Proposed Class and California Subclass).**

136. Safeway repeats and realleges the foregoing denials and responses in this Answer as if fully set forth herein.

137. Safeway denies the appropriateness of classwide allegations in this case and denies any remaining allegations contained in Paragraph 137.

138. Paragraph 138 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 138.

139. Paragraph 139 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 139.

140. Paragraph 140 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 140.

141. Paragraph 141 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 141 and its subparts (a)-(b).

142. Safeway denies the allegations in Paragraph 142.

143. Safeway denies the allegations in Paragraph 143.

144. Safeway denies the allegations in Paragraph 144.

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

145. Safeway denies the allegations in Paragraph 145.

146. Safeway denies the allegations in Paragraph 146.

147. Safeway denies the allegations in Paragraph 147.

148. Paragraph 148 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 148.

149. Safeway denies the appropriateness of the requested relief in Paragraph 149.

**COUNT V**

**QUASI-CONTRACT/UNJUST ENRICHMENT**

**(On behalf of Plaintiffs and the Proposed D.C. and Oregon Subclasses).**

150. Safeway repeats and realleges the foregoing denials and responses in this Answer as if fully set forth herein.

151. The allegations contained in Paragraph 151 relate to a claim that has been dismissed by the Court [Dkt. 83], and therefore no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 151.

152. The allegations contained in Paragraph 152 relate to a claim that has been dismissed by the Court [Dkt. 83], and therefore no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 152.

153. The allegations contained in Paragraph 153 relate to a claim that has been dismissed by the Court [Dkt. 83], and therefore no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 153.

154. The allegations contained in Paragraph 154 relate to a claim that has been dismissed by the Court [Dkt. 83], and therefore no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in Paragraph 154.

**COUNT VI**

**VIOLATION OF OREGON UNLAWFUL TRADE PRACTICES ACT, O.R.S. 646.605 ET SEQ.**

**(On behalf of Plaintiffs McCarty and Beam and the Proposed Oregon Subclass).**

155. Safeway repeats and realleges the foregoing denials and responses in this Answer as if fully set forth herein.

156. Safeway denies the appropriateness of classwide allegations in this case and denies any remaining allegations contained in Paragraph 156.

157. Paragraph 157 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 157.

158. Paragraph 158 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 158.

159. Paragraph 159 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 159.

160. Paragraph 160 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 160.

161. Paragraph 161 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 161.

162. Paragraph 162 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 162 and its subparts (a)-(c).

163. Paragraph 163 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 163 and its subparts (a)-(d).

164. Safeway denies the allegations in Paragraph 164.

165. Safeway denies the allegations in Paragraph 165.

166. Safeway denies the allegations in Paragraph 166.

167. Safeway denies the allegations in Paragraph 167.

168. Safeway denies the allegations in Paragraph 168.

169. Safeway denies the allegations in Paragraph 169.

170. Safeway denies the allegations in Paragraph 170.

171. Safeway denies the allegations in Paragraph 171.

172. Safeway denies the allegations in Paragraph 172. Safeway further denies the appropriateness of the requested relief in Paragraph 172.

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

173. Safeway denies the appropriateness of the requested relief in Paragraph 173.

**COUNT VII**

**VIOLATION OF DISTRICT OF COLUMBIA CONSUMER PROTECTION PROCEDURES ACT ("CPPA"), D.C. CODE § 28-3901, ET SEQ.**

**(On Behalf of Plaintiff Lundt and the Proposed District of Columbia Subclass).**

174. Safeway repeats and realleges the foregoing denials and responses in this Answer as if fully set forth herein.

175. Safeway denies the appropriateness of classwide allegations in this case and denies any remaining allegations contained in Paragraph 175.

176. Paragraph 176 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 176.

177. Paragraph 177 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 177.

178. Paragraph 178 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 178.

179. Paragraph 179 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 179.

180. Paragraph 180 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 180.

181. Paragraph 181 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 181.

182. Paragraph 182 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 182.

183. Paragraph 183 consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the allegations in Paragraph 183 and its subparts (a)-(d).

184. Safeway admits that the referenced citation in the footnote exists and speaks for itself. Except as expressly admitted, Safeway denies the remaining allegations in Paragraph 184.

185. Safeway denies the allegations in Paragraph 185.

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

186. Safeway denies the allegations in Paragraph 186.

187. Safeway denies the allegations in Paragraph 187.

188. Safeway denies the allegations in Paragraph 188.

189. Safeway denies the allegations in Paragraph 189.

190. Safeway denies the allegations in Paragraph 190.

191. Safeway denies the allegations in Paragraph 191.

192. Safeway denies the appropriateness of the requested relief in Paragraph 192.

**JURY DEMAND**

Plaintiffs' Jury Demand consists of legal conclusions to which no response is required.

**PRAYER FOR RELIEF**

Plaintiffs' Prayer for Relief consists of legal conclusions to which no response is required. To the extent a response is required, Safeway denies the appropriateness of the requested relief in the entirety of the Prayer for Relief.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of proof that would otherwise rest upon Plaintiffs, and without waiving any of the denials set forth above, Safeway asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Pre-Suit Notice)**

Plaintiffs' claims are barred to the extent Plaintiffs failed to provide Safeway and government regulators with any required pre-litigation notice, including under California Civil Code § 1782 and ORS 646.638(2).

**THIRD AFFIRMATIVE DEFENSE**

**(Claims Subject to Arbitration)**

Plaintiffs' claims, and the claims of the members of the purported class, are subject to binding individual, non-class arbitration pursuant to the arbitration agreement contained in the terms

and conditions governing the parties' relationship.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Plaintiffs and members of the purported class lack standing to assert their claims for relief because they sustained no injuries or damages, and because they are not entitled to seek injunctive relief.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

Plaintiffs and putative class members have failed to mitigate, reduce, or otherwise avoid their damages or injuries.

**SIXTH AFFIRMATIVE DEFENSE**

**(Speculative Relief)**

The Complaint, and each of the purported causes of action alleged therein, is barred, in whole or in part, because the requested monetary relief is too speculative, remote, and/or impossible to prove and/or allocate.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Willful or Malicious Conduct)**

Safeway did not act willfully or maliciously, nor have Plaintiffs alleged any facts evidencing that Safeway acted willfully or maliciously as to the alleged harm at issue. Safeway therefore alleges on information and belief that Plaintiffs cannot plead facts pursuant to which damages for willful or malicious conduct could be awarded.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Knowledge and Consent)**

Plaintiffs and/or members of the purported class expressly and/or impliedly consented and/or had knowledge of all activities or conditions alleged to have caused them harm, including being fully aware of the meaning of the pricing practices at issue in this case.

//

//

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

**NINTH AFFIRMATIVE DEFENSE**

**(No Duty)**

Plaintiffs' claims are barred, in whole or in part, because Safeway was under no duty to disclose any of the purported information Plaintiffs allege was not disclosed.

**TENTH AFFIRMATIVE DEFENSE**

**(Puffery)**

Plaintiffs' claims are barred to the extent that any alleged deceptive statements constitute puffery.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Compliance with Applicable Laws and Regulations)**

Plaintiffs' claims are barred, in whole or in part, because Safeway's pricing practices were and are required or permitted by applicable federal, state, and local laws, rules, and regulations, including but not limited to FTC guidelines governing price advertising.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

Plaintiffs' claims and/or the claims of absent class members are barred, in whole or in part, by the applicable statute of limitations.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Business And Economic Justification)**

Plaintiffs' claims are barred, in whole or in part, because the conduct alleged in the Complaint constituted fair competition and was reasonable, based on independent and legitimate business and economic justifications, without the purpose, intent, or effect of injuring Plaintiffs or the putative Class.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Constitutional Rights)**

The Complaint may not be properly maintained or certified as a class action because Safeway's rights under the First, Fifth, Seventh, and Fourteenth Amendments of the United States Constitution would be violated, as well as the comparable provisions of applicable state

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

constitutions.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, Laches, Unclean Hands, and/or Abandonment)**

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, laches, unclean hands, and/or abandonment.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

Plaintiffs are barred from recovering against Safeway because any recovery in favor of Plaintiffs would result in Plaintiffs' unjust enrichment. Safeway offered each item at price, Plaintiffs decided to pay that price, and Plaintiffs do not allege that the item was worth any less than what they paid. Plaintiffs received favorable commercial terms on each item they purchased, and any payment to them would enrich them unjustly.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Windfall)**

Because the value of the items Plaintiffs purchased exceeds the amount they paid for them, Plaintiffs' claims for monetary relief are barred, in whole or in part, because any monetary recovery would amount to a windfall and equity may not be invoked to obtain a windfall.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Cumulative Remedies)**

Plaintiffs purport to seek identical monetary recovery and injunctive relief under each of their causes of action. Accordingly, Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs seek cumulative remedies.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Adequate Remedy at Law)**

Plaintiffs' claims for equitable relief are barred, in whole or in part, because Plaintiffs fail to

allege an inadequate remedy at law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Good Faith)**

Safeway at all times conducted its pricing practices in good faith and without any willful or negligent violation of applicable statutes and regulations.

**TWENTY- SECOND AFFIRMATIVE DEFENSE**

**(Voluntary Payment)**

Plaintiffs' claims are barred, in whole or in part, by the voluntary payment doctrine because Plaintiffs and putative class members voluntarily paid for products at the prices displayed and under a claim of right to such payment, with full knowledge of the facts and pricing terms at the point of sale.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**(Acts or Omissions of Third Parties)**

Plaintiffs' claims are barred, in whole or in part, because any damage, loss, or injury Plaintiffs and/or putative class members may have suffered was caused by or attributable to the actions or omissions of Plaintiffs themselves or third parties, and not by any act or omission of Safeway.

**RESERVATION OF RIGHTS**

Safeway reserves the right to assert additional affirmative defenses as discovery progresses in this case. To the extent that any of the allegations in the Complaint have not been expressly admitted or denied, they are hereby denied.

**DEFENDANT'S PRAYER FOR RELIEF**

WHEREFORE, Safeway respectfully requests that this Court enter judgment in its favor and against Plaintiffs as follows:

A. That Plaintiffs' Complaint be dismissed in its entirety with prejudice;

B. An order Denying Class Certification, rejecting appointment of Plaintiffs as Class Representatives, and rejecting appointment of Plaintiffs' counsel as Class Counsel;

C. Grant Defendant such other and further relief as may be just and appropriate, including

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

Ballard Spahr LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770

attorney's fees.

**DEFENDANT'S DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial for all of the claims so triable.

DATED: September 2, 2026

By: /s/ *Meegan B. Brooks*
Stephanie A. Sheridan (SBN 135910)
Meegan B. Brooks (SBN 298570)
Ryan T. O'Hollaren (SBN 316478)
BALLARD SPAHR LLP
One Front St, Floor 26
San Francisco, CA 94111
Telephone: 415.318.2770
Facsimile: 424.731.8301
sheridans@ballardspahr.com
brooksm@ballardspahr.com
ohollarenr@ballardspahr.com

*Attorneys for Defendant*