**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
28 Geary Street, Ste. 650, #1507
San Francisco, CA 94108
Telephone: (415) 839-7000
Facsimile: (888) 410-0415
Email: yeremey@skclassactions.com

*Attorneys for Plaintiffs*
*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

MICHAEL TEMPEST, KERRY MCCARTY, HILLARY BEAM, and CHRISTOPHER LUNDT on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

SAFEWAY INC.,

Defendant.

Case No. 3:24-cv-06553-JSC

**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO CIVIL LOCAL RULE 16-9**

Plaintiffs Michael Tempest, Kerry McCarty, Hillary Beam and Christopher Lundt ("Plaintiffs") and Defendant Safeway Inc. ("Defendant" or "Safeway") (together with Plaintiffs, the "Parties") respectfully submit this Joint Case Management Statement in response to the Court's August 4, 2026 Order Re: Motion to Dismiss Plaintiffs' Third Amended Complaint, ECF No. 83.

## I. JURISDICTION AND SERVICE

The Parties agree that this Court has jurisdiction over Defendant because it is headquartered in this District and has a principal place of business in this District. The Court also has jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d)(2) and (6). Plaintiffs reside in California, Oregon, and the District of Columbia, and submit to the Court's jurisdiction. Service has been completed.

## II. FACTS

**A. Plaintiffs:** Plaintiffs allege that Safeway misleadingly markets and sells bottles of wine at its grocery stores by purportedly offering them for sale "Thru" a certain date – suggesting that the sale price will only temporarily be available. Plaintiffs allege that the "Thru" dates are false and misleading because as soon as the date on the "Thru" display expires Safeway simply replaces it with a new "Thru" sign, thereby ensuring that the products are always on sale and never offered at their non-sale prices. In this way, Defendant increases urgency to purchase its products, and misleadingly suggests that consumers are buying products on sale, when that is not true.

Plaintiffs assert class action claims for violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, California False Advertising Law ("FAL"), Cal. Bus. § Prof. Code § 17500, California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq.*, and Oregon Unlawful Trade Practices Act, O.R.S. 646.605 *et seq.,* as well as fraud under California and Oregon law. Plaintiffs assert claims on behalf of a nationwide class, as well as California, Oregon, and District of Columbia subclasses.

**B. Defendant:** Safeway disputes Plaintiffs' allegations and their claims for any relief under any legal theory. The alleged "Thru" dates are not false or misleading. The alleged "Thru" dates do not indicate, and reasonable consumers do not understand them to suggest, any limited time sale price. The "Thru" date on Safeway's Member Price displays is a small-print notation that

simply communicates that the listed price will remain valid until the specified date. It does not say anything about what happens after that date and cannot reasonably be interpreted to promise that Members would pay the non-Member prices once the "Thru" date passes. The "Thru" date provides certainty and transparency to customers, assuring them that a listed price will remain in effect until at least a specified date and enabling them to plan their purchases around their own calendars and shopping schedules for upcoming events, plans, and meals. For grocers, the "Thru" date is a tool for accurate price-display management across a vast inventory, used to facilitate regular and accurate updates to price displays.

## III. LEGAL ISSUES

**A. Plaintiffs:** The Court recently considered the key legal issues in its August 4, 2026 Order, which effectively denied virtually all of Defendant's motion to dismiss. The key issues in this case concern class certification, and whether Plaintiffs can establish issues like materiality, consumer deception, and damages on a class basis, as necessary for each of their various state claims.

**B. Defendant:** While the Court denied much of Defendant's motion to dismiss after drawing all inferences in Plaintiffs' favor, key legal issues remain to be decided. Those issues include: the actual factual circumstances of Plaintiffs' purchases, the reasonable perceptions of consumers, the materiality of the alleged representations to consumers in light of the disparate experiences alleged in the complaint, whether Plaintiffs and class members suffered any compensable injury caused by Safeway, and the appropriate methodology for measuring any such damages on a class-wide basis. Further, Safeway submits that Plaintiffs will be unable to satisfy the requirements of Rule 23 to support the propriety of class treatment in this matter.

## IV. MOTIONS

On July 16, 2026, the Court denied Defendant's motion to compel arbitration. ECF 49.

On November 13, 2025, the Court granted Defendant's initial motion to dismiss, with leave to amend. ECF No. 57.

On August 4, 2026, the Court granted in part and denied in part Defendant's subsequent motion to dismiss. ECF No. 83.

No motions are currently pending.

Plaintiffs anticipate filing a motion for class certification.

Defendant anticipates filing a motion for summary judgment and reserves the right to seek leave to file an early, pre-certification motion for summary judgment addressing specific dispositive issues such as: deception of reasonable consumers as a matter of law, materiality, the lack of injury, the unavailability of relief, and Plaintiffs' individual purchase experiences being insufficient to state a claim.

The parties each anticipate filing *Daubert* motions, as necessary, at the class certification stage and possibly after the close of expert discovery.

## V. AMENDMENT OF PLEADINGS

Plaintiffs do not presently anticipate further amending the pleadings. The parties believe that, going forward, the pleadings should only be amended with leave of court upon a noticed motion.

## VI. EVIDENCE PRESERVATION

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence.

## VII. DISCLOSURES

The parties propose that initial disclosures shall be served on or before September 16, 2026.

## VIII. DISCOVERY

The parties met and conferred pursuant to Rule 26(f) on August 26, 2026. Accordingly, discovery just recently opened. Plaintiffs intend to serve an initial set of requests for production and interrogatories in advance of the upcoming September 9, 2026 case management conference. The parties also will endeavor to file an ESI protocol and a stipulated protective order by September 30, 2026.

The parties do not propose any modifications of the discovery rules at this time.

Plaintiffs anticipate that discovery will largely focus on Safeway's pricing of its wine bottles at issue within the class period, as well as its practices concerning "Thru" date labeling.

Defendant submits that the relevant scope of discovery must focus on Safeway's "Thru" date labeling on bottles of wine sold at the Member price; this case is not a referendum on Safeway's pricing practices generally.

## IX. CLASS ACTIONS

All parties have reviewed the Procedural Guidance for Class Action Settlements.

The parties propose the following briefing schedule for class certification:

Deadline to file motion for class certification: July 2, 2027

Deadline to oppose class certification: September 10, 2027

Deadline to file reply in support of class certification: October 29, 2027

**A. Plaintiffs:** The Court August 4, 2026 Order requested that Plaintiffs "include in [the] statement an explanation of how they plan to obtain class certification given their operative theory of Safeway's allegedly misleading conduct." ECF 14. Plaintiffs note that discovery has just begun, and Plaintiffs anticipate that their motion for class certification will largely rest on two or three experts after undertaking sufficient discovery. Plaintiffs' experts will provide opinions as to the "materiality" of Defendant's "Thru" advertising, and consumer perception and understanding of that term, by conducting consumer surveys. Plaintiffs' experts will establish a method for calculating damages, which will rest largely on well-plodded theories of price premium and statutory damages.

Plaintiffs believe that class certification will be relatively straightforward, as they assert claims that are "generally ideal for class certification." *E.g.*, *Lytle v. Nutramax Labs, Inc.*, 114 F.4th 1011, 1034 (9th Cir. 2024). For instance, as to the District of Columbia Subclass, the D.C. Consumer Protection Procedures Act ("CPPA") is a broad consumer protection statute that provides civil penalties for false advertising *and does not even require reliance or damages*. *See* D.C. Code § 28-3904 (prohibiting deceptive practices "whether or not any consumer is in fact misled, deceived, or damaged thereby"). Accordingly, so long as Plaintiffs establish that Defendant's advertising had a tendency or a likelihood to confuse a reasonable consumer, they are entitled to statutory damages under that statute. As to the Oregon Subclass, Oregon Unlawful Trade Practices Act ("OUTPA") authorizes statutory damages for making deceptive or misleading statements in

advertising, including as to purported discounts. *See* ORS §§ 646.601(1)(j), (1)(s), and (1)(u), (4). *See also* ORS 137-020-0010. Plaintiffs need not show reliance or materiality. *State ex rel. Rosenblum v. Living Essentials, LLC*, 371 Or. 23, 38, 59 (2023); *Solano v. Kroger Co.*, 2020 WL 7028473, at *4 (D. Or. Nov. 30, 2020). And finally, as to the California Subclass, California law authorizes injunctive relief to remedy the harms described in the Complaint. *See, e.g.*, *Crowder v. Shade Store, LLC*, 2025 WL 4754067, at *1 (N.D. Cal. Mar. 10, 2025). Accordingly, while Plaintiffs will present common evidence of materiality and consumer deception, and damages, such showings are not even necessary with respect to some of their claims.

**B. Defendant:** As the Court has already observed, whether this case is suitable for class treatment is dubious.

Plaintiffs' theory depends on each class member having seen the fine-print "Thru" date on the Member Price display *and* having interpreted it as indicating a temporary sale that would expire. That theory creates significant individualized problems regarding, for example, actual exposure (the dates vary by product, store, and time period, requiring a transaction-by-transaction analysis), varied consumer experiences (for example, a customer who bought wine repeatedly, never observed a price change, and yet continued purchasing presents a fundamentally different reliance analysis than a first-time purchaser), consumer expectations, consumer perceptions, and, ultimately, any given customer's reliance on the "Thru" date featured at the bottom of the Member Price tag. Further, Plaintiffs' various claims are governed by three different state statutes with different elements, standards, and remedies that will make a single trial impracticable. Moreover, calculating and administering a uniform damages model across customers who (i) had different in-store experiences and (ii) purchased different products with different expectations at different and varied prices will be similarly impracticable.

## X. RELATED CASES

The Parties are not aware of any related cases or proceedings.

## XI. RELIEF

**A. Plaintiffs:** As discussed above, Plaintiffs seek damages through a combination of price premium and statutory damages, as applicable under their various state common law and

consumer protection claims. The calculation of damages is not possible at this time because it requires discovery into the number of affected products sold by Defendant within the class period.

**B. Defendant:** Plaintiffs are not entitled to any relief whatsoever. Moreover, considering Plaintiffs' theory of this case, there will be no workable, class-wide damages model.

## XII. SETTLEMENT AND ADR

To date, the parties have not had any substantive settlement discussions. The parties prefer to use a private mediator, as necessary. Plaintiffs believe that they require, at a minimum, information concerning the number of units sold of the affected products within the class period in order for the parties to engage in productive settlement discussions.

## XIII. OTHER REFERENCES

The Court denied Defendant's motion to compel arbitration. Outside of arbitration concerns, the parties do not believe that this case is otherwise suitable for reference to a special master, the Judicial Panel on Multidistrict Litigation, or arbitration.

## XIV. NARROWING OF ISSUES

In this class action, the parties do not believe that they will be able to reach agreements to narrow any issues prior to a ruling on class certification, as whether, and to what extent, the Court grants class certification will provide guidance to the parties as to the proper scope of this case.

Otherwise, Plaintiffs will focus on ascertaining a class products list as early as practicable to attempt to focus the litigation. Defendant is contemplating an early, pre-certification motion for summary judgment, as discussed above, that has the potential to significantly narrow the scope of this matter.

## XV. SCHEDULING

The parties believe that the Court should delay setting concrete dates for designation of experts, the discovery cutoff, the hearing of dispositive motions, the pretrial conference, and trial until after it rules on Plaintiffs' anticipated motion for class certification and Safeway's potential early summary judgment motion. The parties propose that the Court order the parties to file an updated joint case management statement within 21 days of a ruling on any such motion, in which the parties will provide dates for the remainder of the case schedule.

## XVI. TRIAL

Plaintiffs have requested a jury trial. Should this action proceed as a class action, the parties anticipate that trial will last approximately four to five days.

Safeway notes that only Plaintiffs' legal claims can be tried to a jury. All equitable relief must be tried before the Court.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties have filed their L.R. 3-15 disclosures. ECF Nos. 3, 14. The Parties are unaware of any other parties that have any financial interest in this matter or in a party or any other interest that could affect the outcome of the proceedings.

Plaintiffs state that there is no person or entity that is funding the prosecution of any claim or counterclaim.

## XVIII. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## XIX. OTHER

The parties are unaware of any other matters requiring the Court's attention at this time.

Dated: September 2, 2026

Respectfully submitted,

/s/ *Yeremey O. Krivoshey*

Yeremey O. Krivoshey (Bar No. 295032)
**SMITH KRIVOSHEY, PC**
28 Geary Street, Ste. 650 # 1507
San Francisco, CA 94108
Phone: 415-839-7000
yeremey@skclassactions.com

Joel D. Smith (Bar No. 244902)
**SMITH KRIVOSHEY, PC**
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
joel@skclassactions.com

Neal J. Deckant (State Bar No. 322946)
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ndeckant@bursor.com

Annick M. Persinger (CA Bar No. 272996)
**TYCKO & ZAVAREEI LLP**
1970 Broadway – Suite 1070
Oakland, CA 94612
P: 510-254-6808
F: 202-973-0950
apersinger@tzlegal.com

Katherine M. Aizpuru (*pro hac vice)*
**TYCKO & ZAVAREEI LLP**
2000 Pennsylvania Ave, NW, Suite 1010
Washington, District of Columbia 20006
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
kaizpuru@tzlegal.com
aparr@tzlegal.com

*Attorneys for Plaintiffs and the Putative Class*

Dated: September 2, 2026

*/s/ Ryan T. O'Hollaren*

Stephanie A. Sheridan (CA 135910)
Meegan B. Brooks (CA 298570)
Ryan T. O'Hollaren (CA 316478)
**BALLARD SPAHR LLP**
71 Stevenson St., Suite 400
San Francisco, CA 94105
Telephone: 415.318.2770
Facsimile: 424.731.8301
sheridans@ballardspahr.com
brooksm@ballardspahr.com
ohollarenr@ballardspahr.com

*Attorneys for Defendant*

**SIGNATURE ATTESTATION**

I, Yeremey O. Krivoshey, hereby attest that counsel for Defendant Safeway Inc. has concurred with this filing.

Dated: September 2, 2026

By: /s/ *Yeremey O. Krivoshey*
Yeremey O. Krivoshey